FRANKLIN S. CARTER

v.

THOMAS B. CRYER et al.

[Argued September 19th, 1904.   Decided November 19th, 1904.]

Complainant, on becoming the owner of certain land on which he found a chattel, placed there by one claiming to own it, claimed a lien for storage charges. The chattel had been levied on under judgments in favor of creditors of the alleged owner, and one who claimed ownership of the chattel had demanded possession from complainant, and on being refused had brought replevin.—*Held*, that though a bill to determine the title to the chattel, alleging such facts, was not maintainable as a bill of strict interpleader because of complainant's claim of lien, it was maintainable as a bill in the nature of an interpleader.

On motion to dismiss bill.

*Mr. Franklin C. Woolman*, for the complainant.

*Mr. Chauncey G. Parker*, for the defendant Cryer.

MAGIE, CHANCELLOR.

Complainant's bill in this cause states the facts on which he relies for relief as follows: He is the owner of a lot of land in the city of Burlington, on which are buildings which were erected by a corporation of this state called the Sanitary Enameled Clay Company. In 1901 John A. Qualey obtained from that company, then in possession and presumably owner of the property, a contract for its sale and purchase by him, under which Qualey went into possession, and during the pendency of the contract placed thereon a one-hundred-and-fifty-horsepower air compressor for the purpose of liquefying carbonic acid gas. He obtained permission to place the machine on the premises upon promise to pay for the use and occupation thereof. About or prior to that time, Qualey, as president of the National Car-

bonate Company, had contracted for work and labor in fitting up the premises for a plant to liquefy carbonic acid gas and in the erection of the compressor. A number of persons brought actions and obtained judgments upon claims for such work and labor against the last-named company, upon which executions were issued and levied upon the compressor. Under them it was advertised for sale, and on the day fixed other persons gave notice of a lien on the compressor, and the sale was adjourned and afterward abandoned. Thomas B. Cryer, Joseph Koons and H. T. Coleman, trustee, claim severally to hold instruments in writing entitling each of them to some interest in the compressor. Prior to the day fixed for the sale under the executions, Qualey left "for parts unknown."

Afterward the Sanitary Enameled Clay Company conveyed the premises (expressly excepting the compressor) to the Century Carbonate Company, which gave a mortgage thereon to complainant. Afterward, upon default, complainant foreclosed, and upon an execution on the decree of foreclosure he purchased the premises, and they were conveyed to him by the sheriff.

The Sanitary Enameled Clay Company assigned to complainant its claims for storage of the compressor and expenses.

The complainant afterward gave public notice that he would sell the compressor to pay storage due thereon. Thereupon Cryer gave complainant notice that the compressor belonged to him, and the sale was abandoned. Then Cryer issued a writ of replevin for the compressor, which was served on complainant.

Complainant then charges that he is unable to determine to whom the compressor belongs or who is entitled to its possession, but that he is willing and desirous to deliver it to any person who may be decided to be the owner, upon payment of his charges and storage and the costs of suit. He makes parties defendant Qualey, all the judgment creditors of the National Carbonate Company, and all persons asserting ownership or rights in the compressor and named in the bill, and prays for a decree that they interplead and settle their rights thereto, that Cryer may be enjoined from prosecuting his action of replevin, and that the other defendants be restrained from any actions at law against complainant for the compressor.

Upon filing the bill and accompanying affidavits an injunction was allowed restraining Cryer from prosecuting his action of replevin until the further order of this court.

Counsel now move, in behalf of Cryer, to dismiss the bill under rule 218, upon grounds of objection stated in the notice of the motion.

The substantial objection (though stated variously in the notice) is that the bill is wanting in equity in that its statements do not make a case for a decree of interpleader and the consequent restraint of a pending action at law.

It was first urged in the argument that the bill is not one of strict interpleader, and that contention must, I think, be conceded as correct. A bill of strict interpleader is one in which the complainant asserts his possession of some fund or something in which he claims no personal interest, but in which other persons, made defendants, set up conflicting claims, and complainant cannot safely determine to which claim he should yield. *Story Eq. Pl.* § *291; Williams* v. *Matthews,* 47 N. J. Eq. (2 Dick.) 196; Aleck v. Jackson, 49 N. J. Eq. (4 Dick.) 507; Packard v. Stevens, 58 N. J. Eq. (13 Dick.) 489; Ireland v. Kelly, 60 N. J. Eq. (15 Dick.) 308.* By his bill, complainant does not disavow any interest in the compressor which is in his possession. On the contrary, he asserts a claim therein by way of lien for his storage charges.

But the bill, although somewhat inartificially drawn, may be sustained as a bill in the nature of an interpleader bill. Such a bill is one where a complainant, in possession of some fund or thing, seeks relief respecting it, in addition to relief against conflicting claims of other persons to such fund or thing. *Story Eq. Pl.* § *297b; Wakeman* v. *Kingsland,* 46 N. J. Eq. (1 Dick.) 113; Illingworth v. Rowe, 52 N. J. Eq. (7 Dick.) 360.* Nor does the doctrine of *First National Bank, Morristown,* v. *Bininger,* 26 N. J. Eq. (11 C. E. Gr.) 345,* apply to this case, for the statements of the bill justify the inference that the conflicting claims all arise in the ownership or possession of Qualey, and are not adverse and independent.

Paraphrasing the bill, the case shown is this: Complainant has become the owner of lands on which he finds a chattel which

had been previously placed thereon by one who claimed to be the owner of the chattel. Complainant claims a lien on the chattel for storage charges. He finds that it has been levied upon under judgments which show a claim that another person has some leviable right or interest in the chattel. He also has notice that three different persons severally claim the chattel, or some right or interest therein. One of those persons has demanded possession and brought an action at law to enforce such possession. Manifestly complainant cannot yield to any one of these claims without risk of liability to the other claimants of whose claims he has notice and who have made demands on him. A judgment in the action of Cryer will not protect complainant against the claims of others who are not parties thereto. If complainant could protect himself against the claims of others by giving the claimants notice of the pendency of Cryer's action, so as to estop them by such judgment as may pass thereon, I do not think he is bound to take that course, which will compel notice to many parties, some of whom are residents of foreign states.

Under these circumstances I think complainant has a right to the protection of his claim and to the determination in this cause, in which all claimants to the compressor are parties, as to which one has a right of ownership therein upon which the lien of complainant's claim can be enforced.

It results that the motion to dismiss the bill will be denied.