Complainant represented defendant Rugg as his attorney in compensation proceedings against defendant Driwood Corporation. The Compensation Bureau made an award in favor of Rugg, including the sum of approximately $800 to defendant Train, a doctor, for medical services rendered by him, and also to defendant hospital for the care of defendant Rugg, and also to Rugg himself for injuries sustained by him. The award was contested in the Court of Common Pleas, Supreme Court and Court of Errors and Appeals which finally affirmed it. Counsel fees were allowed to complainant by the Court of Common Pleas and each of the tribunals. These counsel fees aggregated $1,400, *Page 539 
together with court costs, and have been paid. There is a controversy as to whether complainant is entitled to additional compensation under a contract between him and Rugg, and there is an additional controversy between complainant and defendant Fields as to a division of fees between them in handling the compensation proceedings. As a result of the decision in the Court of Errors and Appeals, a judgment was entered in the Court of Common Pleas, which provided that the employer, defendant Driwood Corporation, which was insured in defendant Liberty Mutual Insurance Company, make payment to the doctor for medical treatments in the sum of $739 and to the hospital for hospitalization in the sum of $405.20, together with a check for the balance of $103 payable to Rugg. Defendant insurance company drew checks to the order of these three persons in these amounts, with interest, and forwarded them to the complainant for distribution. Complainant has secured an order restraining the insurance company from making payment on these checks, and in this suit seeks to enforce his claim against the aggregate sum thereof because of his contract with Rugg and his controversy with Fields.
Defendants, insurance company and Train, moved to strike the bill on the ground that complainant has not shown any equitable cause of action. Complainant contends that the suit is in the nature of a bill of interpleader and therefore the rights of the parties can be disposed of in this court. His contention is unsound since in such a suit there must be a fund which is in the hands of a stake-holder who asks the court to determine which of two or more parties is entitled to it. But there is no such stake-holder here, since the insurance company does not assert itself to be a stake-holder, nor does it seek a determination. This suit is therefore clearly distinguishable from both those in which complainant is a stake-holder and those in which one of several defendants assumes the position of a stake-holder, and prays that the rights of the parties may be determined. Carter
v. Cryer, 68 N.J. Eq. 24; Fidelity and Casualty Co. v.Trusewicz, 128 N.J. Eq. 467. *Page 540 
A bill in the nature of an interpleader is one in which the complainant asks some relief over and above a mere injunction against suits by the contesting party and states facts which entitle him to such relief independent of the fact of the adverse claims of the several defendants. Van Winkle v. Owen, 54 N.J. Eq. 253
(at p. 257).
Now, in the instant suit, other than the claim of the complainant upon the funds in the possession of the insurance company, there are no equitable grounds of relief set forth. The payments sought to be enjoined are payments directly ordered to be made by the judgment of the Court of Common Pleas. In effect, complainant asks this court to distribute the award in a manner contrary to that judgment. This amounts to a collateral attack upon the judgment. It seems clear that complainant's remedy, if any, was for a modification of the judgment either by appeal or otherwise. The award of the judgment is res adjudicata.
Another attack is made on the ground that complainant's claim for services is in excess of that allowed by statute in compensation cases, but this point need not be considered here since the bill is clearly defective because of the other two grounds previously considered.
An order striking the bill and vacating the restraint will be advised. *Page 541