**NEW YORK LIFE INS. CO. v. VALZ et al.**

No. 10524.

Circuit Court of Appeals, Fifth Circuit.

April 12, 1944.

Rehearing Denied May 15, 1944.

Charles Cook Howell, of Jacksonville, Fla., for appellant.

Robert H. Anderson, of Miami, Fla., for appellees.

Before SIBLEY, McCORD, and WALLER, Circuit Judges.

WALLER, Circuit Judge.

In the will of Fred M. Valz the proceeds of such of his life insurance policies as were payable to his "executors, administrators or assigns" were devised to trustees for the use and benefit of his wife and children. The trustees under the will, joined by the executor, sought a declaration of their respective rights against the Insurance Company under the policies. The Insurance Company, after removing the case from the State Court to this Court, in-

terposed certain defenses, sought to require the executor and trustees to interplead, and to have the Court determine, in that manner, to whom the proceeds of said policies should be paid and whether or not the trustees could exercise an option in the policies by which the proceeds would remain on deposit with the Company at interest.

Holding that under the statutes of Florida and the will of the insured the proceeds of the policy passed directly to the trustees and not to the executor, and further that the question involved was moot for the reason that the executor had joined in the suit and disclaimed all right, title, or interest in the proceeds of the policies, the lower Court entered a decree against the Insurance Company, from which it appealed.

■ A solution of the main question involved depends upon the provisions of the will and the construction of Section 222.13, Florida Statutes of 1941, F.S.A., formerly Sec. 7065, C.G.L. Florida 1927.[1] But antecedent to a consideration of the will and statute, it might be well to observe that there is no occasion here for the proceeding in the nature of an interpleader, as sought by defendant. The suit for declaratory judgment was brought by the executor and the trustees under the will, and any appropriate decree rendered in the proceeding would be binding upon each of them. The disclaimer by the executor of any right on his part to receive and administer the proceeds of the policies, together with his assertion as a trustee of his and his co-trustee's rights to administer the fund, definitely estops the executor from subsequent assertions to the contrary, and there can be no danger of double liability to the Insurance Company insofar as the parties to the suit are concerned, and there was no prayer that other parties be required to interplead.

■ The insured had the power, under the Florida statute, to dispose by will of the proceeds of those of his insurance policies which were payable to his executors, administrators, or assigns in like manner as he could have any other similar property or effects.

It cannot be doubted that the insured could have made the trustees for his wife and children the specific beneficiaries or definite assignees in the policies. Sec. 222.13, Florida Statutes 1941, F.S.A. It cannot be doubted that even if he had not made a will the proceeds of the policy would have inured exclusively to the benefit of his wife and children. Sec. 222.13, Florida Statutes 1941, F.S.A. It is not open to dispute under the statutes and decisions of Florida that the proceeds of such policies are in no case liable for any debts of the insured unless there was a specific declaration that the policy was for the benefit of creditors.

"Under the statute as amended in 1903, the proceeds of the insurance may be bequeathed by the insured, when payable as here, but pursuant to the statute the insurance remains exempt from the claims of creditors of the insured; it not having been 'effected for the benefit of such creditors'." Milam v. Davis, 97 Fla. 916, 123 So. 668, on petition for rehearing, page 687, text, 691.

"* * * and that the statutory exemption of life insurance proceeds from the claims of creditors is intended to remain effective, though the statutory right to bequeath be exercised, and the property passes by will and not by statute, since the main purpose of the statute is provision for the wife and children of the insured." Id., 123 So. text 687.

It is no longer open to dispute that the administrator of an estate has no right nor power to receive and administer the pro-

---

[1] "222.13. Life insurance policies; disposition of proceeds.—Whenever any person shall die in this state leaving insurance on his life, the said insurance shall inure exclusively to the benefit of the child or children and husband or wife of such person in equal portions, or to any person for whose use and benefit such insurance is declared in the policy; and the proceeds thereof shall in no case be liable to attachment, garnishment or any legal process in favor of any creditor of the person whose life is so insured, unless the insurance policy declares that the policy was effected for the benefit of such creditor; provided, however, that whenever the insurance is for the benefit of the estate of the insured or is payable to the estate or to the insured, his executors, administrators or assigns, the proceeds of the insurance may be bequeathed by the insured to any person whatsoever or for any uses in like manner as he may bequeath or devise any other property or effects of which he may be possessed, and which shall be subject to disposition by last will and testament."

ceeds of such policies. Milam v. Davis, supra; Webster v. Commissioner of Internal Revenue, 5 Cir., 120 F.2d 514; Pace v. Pace, 19 Fla. 438; Bradford v. Watson, 65 Fla. 461, 62 So. 484. An executor would have no such right unless it was conferred upon him by his testator in the will.

Who could have challenged, with any hope of success, the disposition made in the will of the insurance proceeds?

The executor, in the absence of an express provision that the insurance was effected for the benefit of creditors, or in the absence of a provision in the will conferring power upon him, could not have challenged the disposition of the insurance proceeds under the will because he, in the absence of express authority in the will or in the policy, does not receive and administer the proceeds of such a policy. Milam v. Davis, supra; Pace v. Pace, supra; Bradford v. Watson, supra.

The children cannot successfully object to the right of their father to make a devise of nonhomestead property. Milam v. Davis, supra.

The creditors could not successfully challenge the will because the statute expressly exempts the proceeds of such policies from the payment of claims of creditors unless the policy declares that it was effected for the benefit of creditors, or unless the will so directed. Milam v. Davis, supra.

The widow is the only person who might have defeated the intent of a married testator with several children as expressed in such a will if the will had been unsatisfactory to her and within the time provided by law she had elected to renounce the same and to take dower instead. But here the wife has not done this, and the time for her election has passed. Moreover, she is one of the trustees, and is before the Court in the present proceeding, urging the fulfillment of the testator's wishes as expressed in the will.

And so it is difficult to see how the defendant in the case before us could be subjected to double liability from any known source.

■ The argument of the Company that it has no contract with the trustees overlooks the fact that the Florida statute is an integral part of every policy of insurance written in Florida which is payable to the estate or to "the insured, his executors, administrators, or assigns". In the issuance of the policies here the Company impliedly consented that the insured could direct by his will the disposition which he desired of the proceeds of such policies. In the absence of seasonably-asserted widow's rights or prior assignments to creditors there is no valid reason why the assured cannot select the method by which his devisees are to have the use and enjoyment of the proceeds of such policies. An administrator or the executor is without authority to receive the proceeds of such policies because in this case they are not assets of the estate. Whether the insured by his will made the trustees assignees, or beneficiaries, or personal representatives to receive the proceeds seems to be of little consequence. He had the right to dispose of the proceeds by will in the same manner that he could have any other similar property, and no sound reason is suggested as to why he could not utilize trustees in the disposition and management of the proceeds in the same manner that he might have used trustees in the disposition and management of other and like property, with authority, under the broad discretion conferred upon them by the will, to select the manner or method or option under the provisions of the policy for the payment of said proceeds as they see fit. The insured had the right to select an optional method of payment, and there appears to be no good reason why he could not empower another to make the selection for him and for those for whom he sought to provide.

■ The power of the statute to bequeath "to any person whatsoever or for any uses in like manner as he may bequeath any other property or effects" should not be held to be restricted or denied by technically inharmonious language in the policy unless it should clearly appear that it was the intent of the insured and the insurer to restrict or destroy such power.

The judgment below is affirmed.