R. H. FULTON, d/b/a R. H. Fulton, Contractor and United States Fidelity & Guaranty Company, Appellants,

v.

KAISER STEEL CORPORATION and Coppco, Inc., Appellees.

No. 25373.

United States Court of Appeals Fifth Circuit.

June 28, 1968.

See also D.C., 261 F.Supp. 997.

Pat S. Holloway, David F. Hunt, Dallas, Tex., Thompson, Knight, Simmons & Bullion, Holloway & Hunt, Dallas, Tex., Johnson, Guthrie, White & Stanfield, Dallas, Tex., of counsel, for appellants.

James E. Coleman, Jr., Dallas, Tex., and Charles H. Haines, Jr., Denver, Colo., Robert H. Mow, Jr., of Carrington, Johnson & Stephens, Dallas, Tex., Carrington, Johnson & Stephens, Dallas, Tex., Grant, Shafroth, Toll & McHendrie, Denver, Colo., of counsel, for appellee.

Before THORNBERRY and SIMPSON, Circuit Judges, and ATKINS, District Judge.

ATKINS, District Judge:

This appeal is from an order entered by the United States District Court for the Northern District of Texas dismissing an interpleader suit filed by R. H. Fulton and United States Fidelity & Guaranty Company as against Kaiser Steel Corporation and Coppco, Inc. The district judge is affirmed.

R. H. Fulton contracted with the City of Colorado Springs, Colorado, to construct a water pipe system for the city. United States Fidelity & Guaranty Company as surety and R. H. Fulton as principal executed a performance bond in the amount of $5,512,980.25 in favor of the City which covered the performance by Fulton of his contract with the City. Fulton contracted with Kaiser Steel Corp. whereby the latter agreed to supply Fulton with all the steel and concrete pipe that was to be installed pursuant to Fulton's construction contract with the City of Colorado Springs. Kaiser Steel in turn contracted with Coppco, Inc. for the latter to provide Kaiser with the concrete pipe Kaiser was obligated to supply to Fulton. United States Fi-

delity & Guaranty as surety and Coppco as principal executed a performance bond in the amount of $1,140,000.00 in favor of Kaiser which covered Coppco's performance of its contract with Kaiser.

On September 28, 1966 Kaiser filed suit in the United States District Court for the District of Colorado against Fulton, U.S.F. & G. and the City, seeking the recovery of an unpaid balance due under the contract between Fulton and Kaiser. Kaiser also alleged that U.S.F. & G. was indebted to it under the Fulton performance bond.

On September 29, 1966, Fulton filed suit in the United States District Court for the Northern District of Texas against Kaiser for damages arising out of breach of contract and breach of warranty with respect to pipe furnished by Kaiser to Fulton.

On January 27, 1967 Coppco filed suit in the District Court of Colorado against Fulton, Kaiser, and U.S.F. & G., claiming an unpaid balance due on the contract between Coppco and Kaiser. Coppco further alleges that U.S.F. & G. is liable to it under the Fulton performance bond for the unpaid balance allegedly owed by Kaiser to Coppco under their contract. Kaiser answered and crossclaimed against Fulton and U.S.F. & G. setting forth its claim for unpaid balance on the Fulton-Kaiser Contract and against U.S.F. & G. on the Fulton performance bond. Kaiser alleged that if it is liable to Coppco, Fulton must hold it harmless, and that U.S.F. & G. must hold Kaiser harmless because of the Fulton performance bond. Kaiser then filed a counterclaim against Coppco and an amended cross-action against U.S.F. & G., alleging that Coppco and U.S.F. & G. must by virtue of the Kaiser-Coppco contract and Coppco performance bond, hold Kaiser harmless for the amounts claimed by Coppco as against Kaiser and for any amounts which Kaiser may be adjudged to be liable to Fulton with respect to pipe supplied by Coppco to Kaiser under their contract.

The complaint for interpleader alleges that both Kaiser and Coppco have as-serted adverse claims against Fulton to benefits arising by virtue of the Fulton performance bond, his contract with the City and his contract with Kaiser. It is alleged that there is unnecessary multiplicity of litigation and possible double liability, and additionally, that Kaiser and Coppco are asserting against U.S.F. & G. adverse claims to benefits arising under the Fulton performance bond.

The district judge in dismissing the complaint reasoned:

1) that the plaintiff can obtain full and final relief in the suit pending in the United States District Court for the District of Colorado in which all parties in the case at bar are parties there.

2) that the pleadings of Coppco, Inc. filed in the District Court of Colorado reflect no cause of action against Fulton. Consequently, there are no adverse claims in this case against Fulton.

3) that the performance bond executed by Fulton and U.S.F. & G. is greater than the total amount of the claims of Coppco and Kaiser.

4) that U.S.F. & G. has no cause of action in its cross complaint against Coppco and Fulton for indemnity on the performance bonds because the interpleader suit is being dismissed as to Kaiser and Coppco.

5) that because Fulton's causes of action against Coppco and Kaiser are being dismissed, he has no cause of action against U.S.F. & G.

A suit for or in the nature of interpleader can be prosecuted either under Title 28 U.S.C., Section 1335 or Rule 22 of the Federal Rules of Civil Procedure. There must be two or more adverse claimants for statutory interpleader purposes. Rule interpleader requires the presence of claims that expose the plaintiff to double or multiple liability. In either case,

* * * the gist of the relief sought is the avoidance of the burden of unnecessary litigation or the risk of loss by the establishment of multiple liability

when only a single obligation is owing. These risks are avoided by adjudication in a single litigation binding on the parties. State of Texas v. State of Florida, 306 U.S. 398, 412, 59 S.Ct. 563, 570, 83 L.Ed. 817, 828 (1939).

Can it be concluded that there are two or more adverse claims or that the claims that are presented expose the plaintiff to double or multiple liability?

█ The district judge was evidently of the view that the plaintiff was not in bonafide fear of vexatious or multiple litigation because a suit was pending in the Colorado federal district court in which all parties could obtain full and complete relief. The appellants, if they were genuinely interested in expeditious relief, could and should have asserted their claims in the Colorado federal litigation as counterclaims and crossclaims instead of instituting a new suit in the Northern District of Texas. Interpleader generally is a suit in equity which invokes equitable principles. Sanders v. Armour Fertilizer Works, 292 U.S. 190, 54 S.Ct. 677, 78 L.Ed. 1206 (1934); Austin v. Texas-Ohio Gas Co., 218 F.2d 739 (5th Cir. 1955); 3A Moore, Federal Practice, § 22.16[1], p. 138. It also appears that the parties entered into a stipulation and agreement, prior to the instant lawsuit, wherein they agreed to maintain the status quo pending the outcome of an appeal by Fulton in the Kaiser suit on a question of venue. This suit was instituted during the pendency of the appeal. Although the stipulation is not binding upon the court, it nevertheless is an equitable factor that will be considered.

It must also be noted that the aggregate of the claims presented by Kaiser and Coppco do not exceed the amount of the United States Fidelity & Guaranty public works bond. The total amount of all claims made by Kaiser and Coppco, without any allowance for offset, is $1,-142.018.28. The Fulton public works bond is for the sum of $5,512,980.20. No adverse claims are made upon the Coppco performance bond since Kaiser is the only party making a claim upon that bond.

The requisite adverse claims have similarly been found to exist in cases involving contract sureties confronted by claims of subcontractors and materialmen which, although not in theory mutually exclusive, are in the aggregate in excess of the surety's contractual liability. Interpleader is thus appropriate under the federal Miller Act, under which the statutory surety is liable to the extent of its bond to all claimants as a group, pro rata, and not in that amount to each claimant. *In these cases, too, interpleader should be denied if the claims of subcontractors and materialmen do not exceed the policy limits or if the 'stakeholder' is not the surety but the contract debtor himself.* 3A Moore, Federal Practice, § 22.08[1], at 3048 (2d ed. 1967). See also Joseph F. Hughes & Co. v. Harry S. Mickey, Inc., 211 F. Supp. 298 (D.Md., 1962); United States ex rel. Eaton v. Olson, 5 F.R.D. 513 (N.D.Cal., 1946).

█ Because Fulton and United States Fidelity & Guaranty are not faced with claims exceeding the amount of the public works bond and because both can protect themselves in pending litigation from multiple liability on the same obligation, neither Fulton nor United States Fidelity & Guaranty are entitled to interpleader.

Appellants, in their brief, rely upon Maryland Casualty Co. v. Glassell-Taylor & Robinson, 156 F.2d 519 (5th Cir. 1946) in support of a reversal. The question there did not involve a determination of whether the federal district court had jurisdiction under a complaint for interpleader. It rather involved a situation where federal jurisdiction was present but a prior suit over the same subject matter had been brought in a state court. This Court, on appeal, held the federal district court in error when it dismissed the federal interpleader suit for the reason that the state court was

capable of affording fuller relief than the federal district court could have afforded in the case before it. Maryland Casualty Co. v. Glassell-Taylor & Robinson, supra, therefore, is not applicable to the facts of this case.

The district judge was correct when she dismissed the complaint and accordingly this court affirms her order.