The judgment of the district court will be affirmed.

ADAMS, Circuit Judge, concurs.

**GENERAL ELECTRIC CREDIT CORPO-RATION, Plaintiff-Appellant,**

v.

**T. R. GRUBBS, d/b/a T. R. Grubbs Tire & Appliance, Defendant-Appellee.**

**No. 29961.**

United States Court of Appeals, Fifth Circuit.

June 2, 1971.

Rehearing Denied July 22, 1971.

Hubert D. Johnson, Dallas, Tex., for plaintiff-appellant.

J. R. Cornelius, Bill J. Cornelius, Jefferson, Tex., for defendant-appellee.

B. A. Britt, Jr., Texarkana, Tex., for Goodyear Tire & Rubber Co.

Roby Hadden, U. S. Atty., Tyler, Tex., for the United States.

Before GOLDBERG and DYER *, Circuit Judges, and GROOMS, District Judge.

GOLDBERG, Circuit Judge.

A funny thing happened to this case on its way to trial. Through a series of errors all parties ended up in the wrong forum. Finding a complete absence of federal jurisdiction, we remand the case to the district court for remand to the state court from whence it was removed.

Plaintiff General Electric Credit Corporation instituted this suit in a Texas state court, seeking judgment on a promissory note against defendant T. R. Grubbs. Grubbs by various pleadings asserted a cross-action against General Electric Credit Corporation, and impleaded General Electric Company as an additional defendant. Subsequently, Grubbs filed another petition naming the United States as a party defendant. In this petition Grubbs referred to nine judgments obtained against him, including one in favor of the United States. Alleging that he was in jeopardy because of adverse claims being pressed by the lien claimants and the United States, Grubbs prayed that the priority of the lien claimed by the United States be determined under the provisions of Rule 22, Fed.R.Civ.P., in order to avoid double or multiple liability. The other judgment holders, however, were not made parties to the suit.

The United States, upon being named as a party defendant under Rule 22, filed a petition for removal to the United States District Court for the Eastern District of Texas. Removal was granted, apparently under the provisions of 28 U.S.C.A. § 1444, which provides:

"§ 1444. Foreclosure action against United States

Any action brought under section 2410 of this title against the United States in any State court may be removed by the United States to the district court of the United States for the district and division in which the action is pending."

§ 2410(a) provides:

"§ 2410. Actions affecting property on which United States has lien

(a) Under the conditions prescribed in this section and section 1444 of this title for the protection of the United States, the United States may be named a party in any civil action or suit in any district court, or in any State court having jurisdiction of the subject matter—

(1) to quiet title to,

(2) to foreclose a mortgage or other lien upon,

(3) to partition,

(4) to condemn, or

(5) of interpleader or in the nature of interpleader with respect to real or personal property on which the United States has or claims a mortgage or other lien."

In sum § 2410 waives sovereign immunity and allows the United States to be named a defendant in an interpleader suit with respect to real or personal property on which the United States has or claims a mortgage or other lien, and §

---

* Judge Dyer did not participate in the decision of this case.

1444 allows the United States to remove the suit to federal court when it is named a defendant in such a suit.

At the conclusion of trial before the district court judgment was rendered against General Electric Credit Corporation on its suit against Grubbs on the promissory note, and in favor of Grubbs on his cross claim against General Electric Credit Corporation. General Electric Company and the United States were dismissed from the suit. From this determination General Electric Credit Corporation appeals.

■ We need not detain ourselves with the merits of this controversy since we must at the outset, and on our own motion, recognize the total absence of federal jurisdiction. We note that there never has been any allegation of diversity of citizenship between the parties to this suit. Nor is there any basis for federal question jurisdiction. The sole ground alleged for federal jurisdiction in the instant case rests on the government's right to remove under § 1444, since it was named a defendant in Grubbs' interpleader suit. We think it clear beyond peradventure, however, that removal jurisdiction based on § 1444 is justified *only* if a *viable interpleader* action is filed naming the United States as a party defendant. In the instant case we think that Grubbs' attempt to join the United States as a defendant under Rule 22 was obviously frivolous.

The interpleader rule, Rule 22, Fed.R. Civ.P., provides:

"Interpleader

(1) Persons having claims against the plaintiff may be joined as defendants and required to interplead when their claims are such that the plaintiff is or may be exposed to double or multiple liability. It is not ground for objection to the joinder that the claims of the several claimants or the titles on which their claims depend do not have a common origin or are not identical but are adverse to and independent of one another, or that the plaintiff avers that he is not liable in whole or in part to any or all of the claimants. A defendant exposed to similar liability may obtain such interpleader by way of cross-claim or counterclaim. The provisions of this rule supplement and do not in any way limit the joinder of parties permitted in Rule 20."

The requirement that the plaintiff "is or may be exposed to double or multiple liability" has always been interpreted to demand a showing that the plaintiff has been or may be subjected to adverse claims to a particular fund. *See* 3A J. Moore, Federal Practice ¶ 22.02. In the more common case the requisite adversity is provided when the stakeholder is faced with two or more claims which are mutually inconsistent; a decision in favor of one claimant necessarily requires a determination that the other claimants are not entitled to any part of the fund. As the Supreme Court explained in Texas v. Florida, 1939, 306 U.S. 398, 406, 412, 59 S.Ct. 563, 568, 570, 83 L.Ed. 817, 825, 828:

"The peculiarity of the strict bill of interpleader was that the plaintiff asserted no interest in the debt or fund, the amount of which he placed at the disposal of the court and asked that the rival claimants be required to settle in the equity suit the ownership of the claim among themselves. But as the sole ground for equitable relief is the danger of injury because of the risk of multiple suits when the liability is single, Farley v. Blood, 30 N.H. 354, 361; Bedell v. Hoffman, 2 Paige, N. Y., 199, 200; Mohawk & Hudson River R. Co. v. Clute, 4 Paige, N.Y., 384, 392; Atkinson v. Manks, 1 Cow.N.Y., 691, 703; Story, Equity Pleadings (10th ed.) §§ 291, 292, and as plaintiffs who are not mere stakeholders may be exposed to that risk, equity extended its jurisdiction to such cases by the bill in the nature of interpleader. The essential of the bill in the nature of interpleader is that it calls upon the court to exercise its jurisdiction to guard against the risks of loss from the prosecution in independent suits of rival claims where the plaintiff him-

self claims an interest in the property or fund which is subjected to the risk. The object and ground of the jurisdiction are to guard against the consequent depletion of the fund at the expense of the plaintiff's interest in it and to protect him and the other parties to the suit from the jeopardy resulting from the prosecution of numerous demands, to only one of which the fund is subject. While in point of law or fact only one party is entitled to succeed, there is danger that recovery may be allowed in more than one suit. Equity avoids the danger by requiring the rival claimants to litigate before it the decisive issue, and will not withhold its aid where the plaintiff's interest is either not denied or he does not assert any claim adverse to that of the other parties, other than the single claim, determination of which is decisive of the rights of all. Pacific Nat. Bank v. Mixter, 124 U.S. 721, 8 S.Ct. 718, 31 L.Ed. 567; Provident Sav. Life Assur. Soc. v. Loeb, C. C., 115 F. 357; Sherman Nat. Bank v. Shubert Theatrical Co., D.C., 238 F. 225, affirmed, 2 Cir., 247 F. 256; Illingworth v. Rowe, 52 N.J.Eq. 360, 28 A. 456; Carter v. Cryer, 68 N.J.Eq. 24, 59 A. 233; 2 Story, Equity Jurisprudence (14th ed.) § 1140; Story, Equity Pleadings (10th ed.) § 297b; Chafee, Cases on Equitable Remedies, 75 et seq.; 3 Daniell, Chancery Pleading and Practice (6th Amer.Ed.) 1572; Maclennan, supra, 338 et seq.

\* \* \* \* \* \*

In the case of bills of peace, bills of interpleader and bills in the nature of interpleader, the gist of the relief sought is the avoidance of the burden of unnecessary litigation or the risk of loss by the establishment of multiple liability when only a single obligation is owing. These risks are avoided by adjudication in a single litigation binding on the parties."

Interpleader has more recently been allowed in a second situation where the claims against the plaintiff are not technically inconsistent in the sense noted above. In this situation the plaintiff stakeholder is allowed the benefits of interpleader if he has a strictly limited liability and the claims asserted, although not mutually exclusive, are in excess of the limited liability. In this situation the claims are adverse in the sense that as a practical matter all claims cannot be satisfied from the limited fund. *See, e. g.,* State Farm Fire & Casualty Co. v. Tashire, 1967, 386 U.S. 523, 87 S.Ct. 1199, 18 L.Ed.2d 270.

■ Clearly, unless the plaintiff can demonstrate that he has been or may be subjected to claims adverse in either of the above respects, then he has failed to meet the requirements of the interpleader rule and the action must be dismissed. Fulton v. Kaiser Steel Corp., 5 Cir. 1968, 397 F.2d 580; Francis I. duPont & Co. v. O'Keefe, 7 Cir. 1966, 365 F.2d 141; Bierman v. Marcus, 3 Cir. 1957, 246 F.2d 200; New York Life Ins. Co. v. Valz, 5 Cir. 1944, 141 F.2d 1014. In the instant case Grubbs satisfied neither standard. It is patently obvious that we do not have a situation where the party seeking interpleader relief is exposed to multiple liability on one obligation due to inconsistent claims. The cross-plaintiff Grubbs has not even asserted that he is not liable individually to each of the judgment holders, including the United States. Indeed, the record indicates that he very probably is liable to each of the judgment holders. Grubbs cannot, therefore, claim the benefits of Rule 22 interpleader to avoid multiple liability because he has not shown that in fact he is only singly liable. Nor does Grubbs qualify for the second type of adversity which has been found to justify interpleader relief. He cannot be said to stand in the position of a stakeholder whose strictly limited liability is subjected to claims which aggregately exceed the liability limit. It is apparent from the record that Grubbs, if liable at all, has unlimited liability. He is the primary debtor, not, for example, a surety with limited liability. The most that he could claim is that as a matter of fact his ability to pay is limited. This is an entirely dif-

ferent assertion, and we think it falls short of the requisite adversity necessary to entitle one to interpleader relief. *See* Fulton v. Kaiser Steel Corp., *supra*, 397 F.2d at 583, where the court noted that interpleader should be denied if the claims do not exceed the maximum legal liability or if the stakeholder is "not the surety but the contract debtor himself."

We conclude, therefore, that Grubbs has totally failed to bring his case within either of the two situations in which interpleader actions are sanctioned. His suit against the United States should accordingly have been dismissed at the outset.

In this case the failure of Grubbs' interpleader action has more than the usual consequences because the very jurisdiction of the court depended upon a determination that a viable interpleader action had been asserted. We think it manifest that mere pleading, calling for the joinder of the United States under Rule 22, was insufficient to confer federal jurisdiction under § 1444 if the claim was not one which came within the interpleader rule. Wallach v. Cannon, 8 Cir. 1966, 357 F.2d 557. As we have demonstrated, the attempted interpleader was entirely without justification under Rule 22.[1] As a result, the United States was never subjected to a viable suit in which property on which it had a lien was in jeopardy as provided in § 2410. Consequently, the district court and this court have no further jurisdiction over this case under the removal provisions of § 1444.

Interpleader is no surrogate for bankruptcy, receivership, and other creditor disputes. We have no present stake, no present holder, and a woefully incomplete conclave of creditors. The United States came on stage when called and moved the scene to a federal forum, but it had no real role in the drama, nor could it have. To premise federal jurisdiction on such a supernumerary position is untenable.

The federal blanket just will not stretch that far.

We therefore remand this case to the district court with instructions that the case be remanded to the state court for appropriate disposition.

Remanded.

---

1. Grubbs chose to frame his pleadings in terms of Rule 22 of the Federal Rules of Civil Procedure. The result would be the same if he had used Rule 43 of the Texas Rules of Civil Procedure which was itself derived from Rule 22, Fed.R. Civ.P.