In re FLANAGAN BROS., INC., Debtor.

DON ROGERS, INC., Plaintiff,

v.

Richard L. BERRY, Trustee on Behalf of Flanagan Bros., Inc., City of Bridgeton, Aetna Casualty & Surety Co., Billows Electric Supply Co., A.C. Miller Concrete Products, Inc., Defendants.

Bankruptcy No. 83-03550.
Adv. No. 84-0088.

United States Bankruptcy Court,
D. New Jersey.

June 26, 1984.

---

**184**

Robert F. Blomquist, Davis, Reberkenny & Abramowitz, P.A., Cherry Hill, N.J., for plaintiff, Don Rogers, Inc. and defendant, Aetna Cas. & Sur. Co.

William P. Gillon, Florio & Maloney, Cherry Hill, N.J., for defendant, Richard L. Berry, Trustee, Flanagan Bros.

Michael Fisher, Bridgeton, N.J., for defendant, City of Bridgeton.

Gary M. Perkiss, Joseph R. Pozzuolo Associates, P.C., Philadelphia, Pa., for defendant, Billows Electric Supply Co.

## OPINION

EMIL F. GOLDHABER, Bankruptcy Judge:[1]

The first of two issues presented in the controversy at hand is whether we should grant a defendant's motion to dismiss an interpleader action commenced under Fed. R.Civ.P. 22. Only if we deny that motion must we reach the second issue which is whether we should issue an injunction barring the defendants from continuing or commencing suits against the plaintiff's surety for payment under a performance bond. For the reasons expressed herein,

we will grant the motion to dismiss, leaving the injunction issue moot.

The facts of this case are as follows:[2] The plaintiff, Dan Rogers, Inc. ("Rogers") executed a contract with the City of Bridgeton, New Jersey, whereby Rogers agreed to build a certain construction project in that municipality. Under the terms of the contract Rogers obtained a performance bond from Aetna Casualty & Surety Company ("Aetna") for the protection of all parties supplying labor or materials for the construction of the project. Rogers entered into a contract with the debtor in which the latter became obligated to undertake all the electrical work. Dealing exclusively with the debtor, Billows Electric Supply Company ("Billows") sold the debtor on credit certain electrical components costing $19,884.33.

The debtor filed a petition for relief under chapter 7 of the Bankruptcy Code ("the Code") on June 10, 1983. Three or four months later Billows demanded that either Rogers or Aetna satisfy its debt. Rogers refused and directed Aetna not to pay on the bond. Apparently in an effort to foreclose Billows' recourse against the surety, Rogers commenced the interpleader action at bench under Fed.R.Civ.P. 22, sought the injunction at issue and transferred to its attorney's trust account $18,375.91 which it is prepared to deposit into the court's registry, where such fund represents Rogers' liability to the debtor for services or materials provided. At Rogers' behest, the bankruptcy court entered an order to show cause why: (1) the defendants should not be permanently barred from instituting or prosecuting any action under the bond; (2) Rogers should not be discharged of all further liability "respecting said bond and contract" with the debtor; and (3) Rogers "should not be awarded a counsel fee and costs to be taxed." Rogers then filed a motion "to enjoin other judicial proceedings," due to Billows' commencement of a

---

1. Specially designated to hear and dispose of cases in the United States Bankruptcy Court for the District of New Jersey in Camden.

2. This opinion constitutes the findings of fact and conclusions of law required by Bankruptcy Rule 7052 (effective August 1, 1983).

civil action in the district court for the Eastern District of Pennsylvania against Rogers. Shortly thereafter Billows filed the motion at issue to dismiss the interpleader complaint.

Rogers filed its complaint for interpleader under Bankruptcy Rule 7022, which incorporates by reference Fed.R.Civ.P. 22 which is quoted in the below footnote.[3] The nature and purpose of interpleader have been summarized below with an excerpt from a learned treatise on federal court practice.[4]

Billows asserts that we do not have subject matter jurisdiction over this dispute since there are no adverse claims to the interpleaded fund within the meaning of Fed.R.Civ.P. 22. We commence our discussion of this issue by noting that a plaintiff " 'is or may be exposed to double or multiple liability' has always been interpreted to demand a showing that the plaintiff has been or may be subject to adverse claims to a particular fund." *General Electric Credit Corp. v. Grubbs,* 447 F.2d 286, 288 (5th Cir.1971). 3A J. Moore, *Federal Practice* ¶ 22.08 (2d ed. 1984). In the typical situation the requirement of adversity is met in an interpleader action "when the stakeholder [interpleader plaintiff] is faced with two or more claims which are mutually inconsistent a decision in favor of one claimant necessarily requires a determination that the other claimants are not entitled to any part of the fund." *General Electric,* 447 F.2d at 288. The device of interpleader has more recently been expanded to include a "second situation where the claims against the plaintiff are not technically inconsistent in the sense noted above. In this situation the plaintiff stakeholder is allowed the benefits of interpleader if he has a strictly limited liability and the claims asserted, although not mutually exclusive, are in excess of the limited liability." *Id.,* 447 F.2d at 289. An example of this second use of interpleader was sanctioned by the Supreme Court in *State Farm Fire & Casualty Co. v. Tashire,* 386 U.S. 523, 87 S.Ct. 1199, 18 L.Ed.2d 270 (1967). In *Tashire* numerous passengers on a Greyhound bus instituted suit against the driver of the bus due to a collision between the bus and another vehicle. The driver's insurance carrier, State Farm, afforded coverage of $10,000.00 per person and $20,000.00 per occurrence. Realizing that the claims would exceed the $20,000.00 fund, State Farm successfully interpleaded

---

3. Rule 22, Interpleader

(1) Persons having claims against the plaintiff may be joined as defendants and required to interplead when their claims are such that the plaintiff is or may be exposed to double or multiple liability. It is not ground for objection to the joinder that the claims of the several claimants or the titles on which their claims depend do not have a common origin or are not identical but are adverse to and independent of one another, or that the plaintiff avers that he is not liable in whole or in part to any or all of the claimants. A defendant exposed to similar liability may obtain such interpleader by way of crossclaim or counterclaim. The provisions of this rule supplement and do not in any way limit the joinder of parties permitted in Rule 20.

(2) The remedy herein provided is in addition to and in no say supersedes or limits the remedy provided by Title 28, U.S.C. §§ 1335, 1397, and 2361. Actions under those provisions shall be conducted in accordance with these rules.

Fed.R.Civ.Pa. 22.

4. [1]—Nature and Purpose of Interpleader.

Interpleader is a procedural devise which enables a person holding money or property, in the typical case conceded to belong in whole or in part to another, to join in a single suit two or more persons asserting mutually exclusive claims to the fund. The advantages of such a device are both manifest and manifold. A many-sided dispute is settled economically and expeditiously within a single proceeding; the stakeholder is not obliged to determine at his peril which claimant has the rightful claim, and is shielded against the possible multiple liability flowing from inconsistent and adverse determinations of his liability to different claimants in separate suits; even in those cases where there is little threat of multiple liability, the stakeholder is freed from the vexation of multiple lawsuits and may be discharged from the proceeding so that the true dispute will be settled between the true disputants, the claimants; the claimants are benefited as well, since search for and execution upon the debtor's assets are obviated, the spoils of the contest being awarded directly out of the fund deposited with the court.

3A J. Moore, *Federal Practice* ¶ 22.02[1], at p. 22–4 to 22–5 (2d ed. 1984). (Footnote omitted).

186

that fund. *Moore* refers to this use of interpleader as "pie slicing," since each prevailing claimant would receive his proportionate share. 3A J. Moore, *Federal Practice* ¶ 22.02[1], p. 22–8 (2d ed. 1984).

In the case at bench the facts do not comport with the first use of interpleader outlined above since the claims in the fund are not mutually exclusive. Although ostensibly the case at bench may appear to meet the requisites for the second use of interpleader noted above, on closer analysis we find that it does not. *Moore* has summarized the law in this field in the following language:

> The requisite adverse claims have similarly been found to exist in cases involving contract sureties confronted by claims of subcontractors and materialmen which, although not in theory mutually exclusive, are in the aggregate in excess of the surety's contractual liability. Interpleader is thus appropriate under the federal Miller Act, under which the statutory surety is liable to the extent of its bond to all claimants as a group, pro rata, and not in that amount to each claimant. In these cases too, interpleader should be denied if the claims of subcontractors and materialmen do not exceed the policy limits or if the "stakeholder" is not the surety but the contract debtor himself.

3A J. Moore, *Federal Practice* ¶ 22.08[1], at p. 22–56 (2d ed. 1984) (footnote omitted). The quoted material clearly indicates that the stakeholder in an interpleader may not be the contract debtor, although such a debtor has commenced the interpleader action at bench. Consequently, Rogers, as the contract debtor, is not a proper party to bring the interpleader suit. This conclusion and the quotation from *Moore* find ample support in the case law. *General Electric*, 447 F.2d 286 (Recourse to interpleader was unavailable where the plaintiff was the primary debtor.); *Fulton v. Kaiser Steel Corp.*, 397 F.2d 580 (5th Cir.1968) (The court quoted approvingly the following language from Moore: "[I]nterpleader should be denied if the claims of subcontractors and materialmen do not exceed the

policy limits or if the 'stakeholder' is not the surety but the contract debtor himself." *Id.* at 583.) *Libby, McNeil and Libby v. City National Bank*, 592 F.2d 504 (9th Cir.1979); *Bierman v. Marcus*, 246 F.2d 200 (3d Cir.1957). Accordingly, we will grant Billows' motion to dismiss the interpleader. This leaves the injunction issue moot.