**INTERFIRST BANK DALLAS, N.A., Plaintiff,**

v.

**PUROLATOR COURIER CORPORATION, Defendant.**

**Civ. A. No. CA 3–84–2217–G.**

United States District Court, N.D. Texas, Dallas Division.

April 25, 1985.

Ernest E. Figari, Jr., Thomas A. Graves, Johnson & Swanson, Dallas, Tex., for plaintiff.

Samuel T. Wyrick, III, Robert A. Ponton, Jr., Haythe & Curley, Raleigh, N.C., for defendant.

Eugene Jericho, Dallas, Tex., for Air Canada.

Toby L. Gerber, Rande K. Herrell, Berman, Fichtner & Mitchell, Dallas, Tex., and Neil I. Levy, Melrod, Redman & Bartlan, Washington, D.C., for Sally Leasing Co.

## MEMORANDUM ORDER

FISH, District Judge.

The court has considered the motion for injunction in interpleader filed by the defendant and third party plaintiff Purolator Courier Corporation ("Purolator"), as well as the responses filed by the plaintiff Interfirst Bank Dallas, N.A. ("Interfirst") and third party defendant Sally Leasing Company ("Sally"). After reviewing the pleadings on file herein, the court has concluded that this is not a proper action in interpleader.

### Factual Summary

The motion seeks an order directing Purolator to deposit with the court an aircraft engine, number 657 233 D ("the engine"), and enjoining all parties from instituting any action against Purolator relating to the controversy surrounding the engine. From a review of the pleadings, it appears that the salient facts and claims are as follows:

(1) Purolator acquired the engine, subject to certain liens, by bill of sale from The Aviation Group, Inc. ("TAG"), which had originally purchased the engine from Sally. TAG also assigned to Purolator its rights in the Aircraft Purchase Agreement ("the purchase agreement") between TAG and Sally;

(2) as a result of certain liens on the engine, the purchase agreement required Sally to place $375,000 in an escrow account for payment to Purolator in the event that Purolator's use of the engine was hampered in any material way during the escrow period;

(3) Interfirst acquired a security interest in the engine at some point prior to the sale of the engine by Sally to TAG;

(4) since the commercial obligations under which Interfirst acquired its security interest are in default, Interfirst alleges it is entitled to foreclose on the engine by virtue of such default;

(5) Interfirst made demand upon Purolator to release possession of the engine to Interfirst, but Purolator has not done so;

(6) Sally directed Purolator to retain possession of the engine;

(7) Purolator claims that it is precluded from maintaining and using the engine in its business because of the possibility of Interfirst's success in this action. It has therefore notified Sally that Purolator's use of the engine was materially hampered by Interfirst's claim for possession, entitling Purolator to the amount in the escrow fund;

(8) Sally filed an answer to the third party complaint as well as to plaintiff's complaint asserting that:

(a) Interfirst's lien is invalid;

(b) good and marketable title to the engine was conveyed to Sally prior to the time Interfirst acquired its lien by assignment from a previous owner of the engine;

(c) Interfirst's interest is subordinate to Purolator's interest;

(d) Interfirst is estopped from asserting any interest in the engine because it accepted the benefits of a substituted engine;

(e) if Interfirst is entitled to foreclose on the engine, Interfirst should reimburse Sally for funds Sally expended in overhauling the engine; and finally

(f) Purolator breached the terms of the purchase agreement (in some unspecified manner), thereby excusing Sally's performance thereunder.[1]

### Legal Analysis

Purolator's motion for an injunction in interpleader is brought pursuant to 28 U.S.C. § 1335 which provides in relevant part:

(a) The district courts shall have original jurisdiction of any civil action of interpleader or in the nature of interpleader filed by any ... corporation ... having

---

1. Purolator claims that Sally has stated that it would consider Purolator's release of the engine as a forfeiture of the escrow fund, but no evidence that Sally made such a contention has been offered.

in ... its custody or possession money or property of the value of $500 or more ... if

(1) Two or more adverse claimants, of diverse citizenship as defined in section 1332 of this title, are claiming or may claim to be entitled to such money or property ... and if

(2) the plaintiff has deposited such money or property ... into the registry of the court....

■ The burden is on the party seeking interpleader to establish that an interpleader action is justified. *Dunbar v. United States,* 502 F.2d 506, 511 (5th Cir. 1974). The party holding the subject property must demonstrate that he is or may be exposed to double or multiple liability with respect to the property he holds because of adverse claims. *See Lummis v. White,* 629 F.2d 397, 399 (5th Cir.1980), *rev'd on other grounds sub nom. Cory v. White,* 457 U.S. 85, 102 S.Ct. 2325, 72 L.Ed.2d 694 (1982); *Dunbar,* 502 F.2d at 511 (citing *General Electric Credit Corporation v. Grubbs,* 447 F.2d 286, 288–89 (5th Cir.1971), *rev'd on other grounds,* 405 U.S. 699, 92 S.Ct. 1344, 31 L.Ed.2d 612 (1972)).

■ Adversity is demonstrated where the risk of double payment on a single liability exists or where the claims exceed the movant's liability limits. *Grubbs,* 447 F.2d at 289. *See, e.g., Fulton v. Kaiser Steel Corporation,* 397 F.2d 580 (5th Cir. 1968); *Travelers Indemnity Company v. Greyhound Lines, Inc.,* 377 F.2d 325 (5th Cir.), *cert. denied,* 389 U.S. 832, 88 S.Ct. 101, 19 L.Ed.2d 91 (1967).

Although the interpleader statute must be liberally construed, *Lummis,* 629 F.2d at 399 n. 6, the movant is, nevertheless, not entitled to an interpleader action unless he can establish the existence of one of the above alternatives. *See Grubbs,* 447 F.2d at 289. Initially, this case may seem appropriate as an interpleader action; upon closer analysis, however, it becomes clear that the requisite adversity does not exist.

**2.** Alternatively, Sally seeks relief against Interfirst, through the assertion of Purolator's right

■ Purolator is being subjected to different directives concerning its current use of the engine, but these conflicting instructions do not constitute two or more adverse claims to the engine. Although Interfirst is asserting claims against Purolator with respect to the engine, Sally's claims against Purolator concern only the proper disposition of the escrow fund as a result of Interfirst's claim against Purolator.[2]

Thus, even if Purolator were required to turn over possession of the engine to Interfirst, it would not be subject to the claims of Sally with respect to Purolator's rights to the engine or the proceeds from its sale. On the contrary, Sally has expressly admitted that Purolator has title to the engine. Sally's claims against Purolator are grounded solely upon the purchase contract and Purolator's assertion of a right to the money in the escrow account, which was evidently created to protect Purolator from claims such as the one asserted by Interfirst.

In view of these circumstances, it is apparent that Sally is not claiming an interest in the engine adverse to Purolator's; it quite naturally follows that Purolator is not being threatened with double liability in connection with the engine. Instead, Sally is seeking an adjudication of entitlement to the money in the escrow account, a piece of property entirely separate from the engine. *Compare, Savage v. First National Bank and Trust Company of Tulsa,* 413 F.Supp. 447, 452 (N.D.Okla.1976).

### Conclusion

For all the reasons discussed above, the court concludes that Purolator has not demonstrated the existence of two or more adverse claimants to the engine to entitle it to an interpleader action. Consequently, an injunction in interpleader is not proper. Purolator's motion for injunction in interpleader is, therefore, DENIED.

SO ORDERED.

to ownership and possession of the engine.