**INVERSIONES NAVIERAS IMPARCA, C.A., Plaintiff,**

v.

**POLYSAR INTERNATIONAL, S. A., etc., Defendant-Crossclaim/Plaintiff,**

v.

**AM–CAN FREIGHT FORWARDERS, INC., etc., et al., Defendants.**

No. 78–1089–Civ–JAG.

United States District Court, S. D. Florida, Civil Division.

Feb. 5, 1979.

Richard F. Ralph, Miami, Fla., for plaintiff.

Mandel, Grunfeld & Herrick, Miami, Fla., for defendants.

## ORDER

GONZALEZ, District Judge:

THIS CAUSE has come before the Court for review upon the following motions:

1) Polysar International's Motion for Summary Judgment.

2) Inversiones Navieras Imparca's Motion to Amend Complaint.

3) Inversiones Navieras Imparca's Motion for Default Judgment as to Defendant, Am-Can Freight Forwarders, Inc.; and

4) Inversiones Navieras Imparca's Motion for Judgment on the Pleadings as to the Counterclaim for Impleader of Peerless Insurance Company.

This is an action brought by Inversiones Navieras Imparca, C.A., an ocean carrier, to recover $8,510.54 in freight charges for the transportation of 178 packages of synthetic rubber from Miami, Florida to La Guaira, Venezuela.

Inversiones has filed suit against Polysar International, S.A., a corporation existing under the Laws of Switzerland, as the shipper of the cargo. The plaintiff has also filed suit against the freight forwarder, Am-Can, as well as against Am-Can's surety, Peerless Insurance Company.

The uncontested operative facts establish that the defendant-shipper, Polysar, contracted with the defendant-freight forwarder, Am-Can, for the carriage of the synthetic rubber to Venezuela. The plaintiff-carrier's complaint alleges, and the defendant-shipper agrees, that Polysar paid Am-Can "the necessary funds for the freight, handling, wharfage and other allied charges which is the subject matter of this action." It is further undisputed that Am-Can never remitted these funds to Inversiones. The plaintiff-carrier issued its bill of lading "Ocean Freight Prepaid" and carried the goods to their destination.

The plaintiff now seeks to recover the freight charges from the shipper notwithstanding the fact that the shipper has already paid the freight forwarder. The plaintiff contends that the decision of *Compania Anonima Venezolana De Navanacion v. A. J. Perez Export Company,* 303 F.2d 692 (5th Cir. 1962), *cert. denied,* 371 U.S. 942, 83 S.Ct. 321, 9 L.Ed.2d 276; is controlling. The plaintiff also relies upon *Bartlett Collins Company v. Surinam Navigation Company,* 381 F.2d 546 (10th Cir. 1967).

The defendant Polysar, in moving for Summary Judgment, relies upon the reasoning of *Farrell Lines Incorporated vs. Titan Industrial Corporation,* 306 F.Supp. 1348 (S.D.H.Y.1969), affd., 419 F.2d 835 (2nd Cir. 1969), *cert. denied,* 397 U.S. 1042, 90 S.Ct. 1365, 25 L.Ed.2d 653 and *Koninklijke Nedlloyd vs. Uniroyal, Inc.,* 433 F.Supp. 121 (S.D. H.Y.1977).

The Court finds that the holding of *Compania Anonima Venezolana De Navavacion v. A. J. Perez Export Co.,* supra, does not control the issues presented in the case at bar. The Court further funds persuasive the reasoning of the cases relied upon by the shipper.

While the Fifth Circuit in *Perez* briefly noted in dicta the possibility of a shipper being held doubly liable under the facts closely analogous to those presented sub judice, it held only that a carrier's local agent is not necessarily entitled to be subrogated to the rights of the carrier. In *Perez* a local agent was attempting to collect freight charges from a shipper who had previously paid the freight forwarder. The local agent argued that the carrier's tariffs, which were expressly incorporated into the bill of lading, caused the shipper to be strictly liable for freight charges notwithstanding the fact that the shipper had already paid the carrier. The Fifth Circuit, however, never decided the issue, finding instead that the issue was moot because the plaintiff-carrier's agent was not entitled to be subrogated to the rights of the carrier.

In *Farrell Lines, Inc. v. Titan Industrial Group,* supra, the shipper paid the freight forwarder, who in turn went bankrupt before remitting the freight money to the carrier. The Court held that the carrier's statutory obligation to collect the full

amount of freight charges does not impose what would amount to an absolute double liability on the shipper. The Court noted: "As long as someone is liable for the full amount of the freight, so there is no overcharge or undercharge, the public interest is protected and the statutes are satisfied", id. at 1349.

Likewise, in *Koninklijke Hedlloyd v. Uniroyal, Inc.*, supra, a shipper paid its freight forwarder for carriage of goods who in turn went bankrupt before paying the carrier. The carrier's contention that the shipper is absolutely liable notwithstanding its past payment to the freight forwarder was once again rejected.

This Court likewise rejects the contention that a shipper is absolutely liable where the shipper has paid the freight forwarder the carriage charges and the carrier has issued its Bill of Lading "Ocean Freight Prepaid."

It is thereupon

ORDERED AND ADJUDGED as follows:

1) That defendant Polysar's Motion for Summary Judgment is hereby GRANTED.

2) That Plaintiff's Motion to Amend its Complaint to reduce the amount of damages demanded is hereby GRANTED.

3) That Plaintiff's Motion for Default Judgment as to the Defendant, Am-Can Freight Forwarders, Inc., is hereby GRANTED.

4) That Plaintiff's Motion for Judgment on the Pleadings as to the cross-claim for interpleader of Peerless Insurance is hereby GRANTED. See, *Fulton v. Kaiser Steel Corporation*, 397 F.2d 580 (5th Cir. 1968).