709 F.2d 663
 1984 A.M.C. 432
 NAVIERA NEPTUNO S.A., Plaintiff-Appellant,
v.
ALL INTERNATIONAL FREIGHT FORWARDERS, INC., a/k/a All
International Cargo; Pexi, Inc.; Carlos
Mosquera; Luke Bolton Ford, Inc., Defendants,
Pexi, Inc., Defendant-Appellee.
 No. 82-5876.
 United States Court of Appeals,
Eleventh Circuit.
 July 11, 1983.
 
 Richard F. Ralph, Miami, Fla., for plaintiff-appellant.
 Paul, Landy, Beiley, Harper & Metsch, Lawrence R. Metsch, Lydia A. Fernandez, Miami, Fla., for Pexi, Inc.
 Appeal from the United States District Court for the Southern District of Florida.
 Before RONEY and KRAVITCH, Circuit Judges, and TUTTLE, Senior Circuit Judge.
 KRAVITCH, Circuit Judge:
 
 
 1
 In this action to collect ocean carrier freight charges we are urged to decide that the freight forwarder was, as a matter of law, the agent of the shipper, thereby making the shipper responsible for the freight forwarder's failure to pay freight charges to the carrier. Alternatively, we are asked to find that material facts as to the agency relationship were in dispute rendering inappropriate the district court's summary judgment for the shipper. Finding that at least one material fact remains in dispute, we reverse and remand.
 
 
 2
 Appellee Parts Express International, Inc. (PEXI) is a Florida corporation in the business of selling and shipping automobiles to overseas customers. PEXI engaged the services of All International Freight Forwarders, Inc. a/k/a All International Cargo (ALL INTERNATIONAL) to arrange the shipment of five automobiles from Miami to Peru. ALL INTERNATIONAL, as forwarder, made all necessary arrangements for the transportation of the automobiles, including the booking of cargo, delivery of the automobiles to the ocean carrier, and the preparation of necessary documents and the bill of lading.
 
 
 3
 Naviera Neptuno S.A. (NEPTUNO) is the carrier on which ALL INTERNATIONAL booked passage for the five automobiles. There is no dispute that on June 30, 1981, NEPTUNO issued its bill of lading No. Callao 39, and that NEPTUNO stamped the bill of lading "Freight Prepaid," although the freight charges had not been paid. On July 6, 1981, ALL INTERNATIONAL issued its invoice No. 136 to PEXI for $6,128.53, covering the ocean freight, terminal, forwarding and handling charges for the automobiles. On July 9, 1981, PEXI paid ALL INTERNATIONAL the full amount of the invoice by Check No. 11857, dated July 9, 1981, and the check was paid by the Southeast Bank. ALL INTERNATIONAL in turn issued its check to NEPTUNO for $5,938.53, covering the freight charges for transporting the automobiles from Miami to Peru. Payment on ALL INTERNATIONAL's check was subsequently refused by the bank. To this date, although ALL INTERNATIONAL received payment from PEXI, the forwarder has not paid NEPTUNO.
 
 
 4
 NEPTUNO brought suit for collection of the ocean freight charges against ALL INTERNATIONAL, the freight forwarder, PEXI, the shipper, and several other interested parties. PEXI filed a motion for summary judgment, together with a memorandum of law and an affidavit from its president stating that PEXI had paid the freight charges to ALL INTERNATIONAL. In response NEPTUNO filed a memorandum in opposition to summary judgment attaching the affidavit of Jorge Rovirosa, vice president of Farovi Shipping Corporation, NEPTUNO's local agent. Rovirosa's affidavit alleged it was local custom that when a bill of lading is issued stamped "Freight Prepaid" that is an extension of credit from the carrier to the shipper, through its freight forwarder. PEXI filed a reply memorandum with a motion to strike the Rovirosa affidavit on the ground that it failed to comply with several requirements of Fed.R.Civ.P. 56(e). NEPTUNO then filed its own motion for summary judgment, to which PEXI responded.
 
 
 5
 After a hearing on the issue of "whether an affidavit from one not designated as an expert can be considered by the Court on a question of custom in a trade or business," the district court ruled on the motions for summary judgment. The court declined to strike the Rovirosa affidavit, expressly noting "the Court does not find the affidavit controlling in any event." The court then denied NEPTUNO's motion for summary judgment, but granted the motion for summary judgment in favor of PEXI. The only issue addressed by the court below was whether the freight forwarder was an agent of the shipper, thereby allowing NEPTUNO to collect from PEXI despite PEXI's previous payment of $6,128.53 to ALL INTERNATIONAL. In pertinent part the district court held:
 
 
 6
 The better view of the case law seems to be that absent special particular arrangements between a shipper and its freight forwarder, which arrangements would manifest the requisite exclusivity and control incident to a principal/agent relationship, a freight forwarder is considered as an independent contractor. Inversiones Navieras Imparca v. Polysar International, 465 F.Supp. 102 (S.D.Fla.1979); Koninklijke Nedlloyd v. Uniroyal, 433 F.Supp. 121 (S.D.N.Y.1977). Absent a principal and agent relationship, a defendant in the posture of Pexi, Inc., is not legally liable for the freight forwarders failure to remit the funds paid to the freight forwarder in connection with the shipment in question.
 
 
 7
 From this judgment NEPTUNO appeals.
 
 
 8
 NEPTUNO contends that the freight forwarder is, as a matter of law, the agent of the shipper. Alternatively, NEPTUNO argues that under local custom the extension of credit evinced by stamping the bill of lading "Freight Prepaid," when in fact freight was not paid, was an extension of credit to the shipper. Under either of these theories, according to NEPTUNO, PEXI is liable for the unpaid freight balance.
 
 
 9
 We address first the agency question. Federal maritime law embraces the principles of agency, West India Industries, Inc., v. Vance & Sons AMC-Jeep, 671 F.2d 1384 (5th Cir.1982), and under those principles the existence of an agency relationship is a question of fact. Wood v. Holiday Inns, Inc., 508 F.2d 167 (5th Cir.1975);[1] Bartlett-Collins Company v. Surinam Navigation Co., 381 F.2d 546, 550 (10th Cir.1967). None of the cases offered by either party holds that the freight forwarder is the agent of the shipper as a matter of law. Here both parties filed motions for summary judgment, alleging that, insofar as the agency question was concerned, no dispute as to the facts existed. The district court, recognizing no cases held the freight forwarder was, as a matter of law, the agent of the shipper, further found that no "special particular arrangements" existed here to indicate the existence of an agency relationship. On the basis of the undisputed facts, the finding that no agency relationship existed is not clearly erroneous.
 
 
 10
 The district court went on to state, however, that absent a principal and agent relationship PEXI could not be held liable for the freight charges. NEPTUNO argues, however, that as a matter of local custom the stamping of a freight forwarder's bill of lading with the words "Freight Prepaid," when in fact freight is not prepaid, is an extension of credit to the shipper. If in fact local custom is as alleged, and the requirements of local custom were met,[2] this practice may, without reference to the agency relationship, constitute grounds for denying judgment in favor of PEXI. As the existence or non-existence of this local custom remains a disputed fact summary judgment was premature in this case.[3] Accordingly we REVERSE and REMAND.
 
 
 
 [1]
 The Eleventh Circuit, in the en banc decision Bonner v. City of Prichard, 661 F.2d 1206 (11th Cir.1981), adopted as precedent decisions of the former Fifth Circuit rendered prior to October 1, 1981
 
 
 [2]
 The facts are less than clear. The record contains several commercial invoices. On some PEXI is identified as the "shipper," on others it is not. Some invoices, for reasons unexplained, are for refrigerators, not cars. Given the confusion in the documentary evidence alone, we question the propriety of summary judgment in this case
 
 
 [3]
 At oral argument appellant alluded to the issue raised in Compania Anonima Venezolana de Navegacion v. A.J. Perez Export Co., 303 F.2d 692 (5th Cir.1962) of whether the carrier is entitled as a matter of law to payment by the shipper of the freight charge. In Perez Judge Brown wrote:
 Of course it makes a lot of difference whether this is really a suit by the Carrier. If it is a suit by the Carrier, we can assume that by virtue of its filed tariffs expressly incorporating its bill of lading contract, conduct by the Carrier--no matter how inequitable--cannot excuse it from enforcing collection of freight, nor can harm innocently suffered by the Shipper--occasioned by the wrongdoing of another (the Agent)--excuse it from paying the Carrier even though this means payment twice. That would follow from the rigorous policy which, to prohibit not only discrimination but the possibility of it, gives to carrier tariffs the force of law.
 We find no other case in this circuit addressing the Perez issue.
 The Second Circuit, adopting an opinion of the Southern District of New York, declined to follow the principle of Perez, stating further that it was dicta. Farrell Lines, Inc. v. Titan Industrial Corp., 419 F.2d 835 (2d Cir.), aff'g 306 F.Supp. 1348, 1349 (S.D.N.Y.1969), cert. denied, 397 U.S. 1042, 90 S.Ct. 1365, 25 L.Ed.2d 653 (1970) (carrier's obligation to collect full freight does not impose absolute liability on shipper; so long as someone liable for full freight public interest is satisfied). In a case factually similar to the case before us a district court in this circuit chose to follow the Second Circuit, agreeing that the language from Perez was dicta. Inversiones Navieras Imparca v. Polysar International, S.A., 465 F.Supp. 102, 103-04 (S.D.Fla.1979). The present status of the language quoted from Perez, therefore, is uncertain. Id. at 695. As the issue was neither litigated in the court below nor briefed on appeal, however, we need not resolve it. Roofing and Sheet Metal Services, Inc. v. LaQuinta Motor Inns, Inc., 689 F.2d 982, 989 (11th Cir.1982) (court of appeals will not ordinarily reach issue not raised below unless "ends of justice" best served by doing so).