## COMPANIA SUD AMERICANA DE VAPORES, Plaintiff,

v.

## ATLANTIC CARIBBEAN SHIPPING CO., and M & R International, Inc., Defendants.

### No. 81–2810 CIV–LCN.

United States District Court,
S.D. Florida,
Civil Division.

June 20, 1984.

Robert Blanck, Miami, Fla., for plaintiff.

Stephen F. Bazzano, Coral Gables, Fla., David Feliu, Miami, Fla., for defendants.

## ORDER

NESBITT, District Judge.

THIS is an action brought by COMPANIA SUD AMERICANA DE VAPORES (hereinafter "Chilean Line"), an ocean carrier, against M & R INTERNATIONAL, INC. (hereinafter "M & R"), the shipper, and ATLANTIC CARIBBEAN SHIPPING CO. (hereinafter "Atlantic"), the freight forwarder, to recover freight charges incurred for the transportation of cargo of steel from Miami, Florida to Callao, Peru. This action was tried by the Court non-jury. On the evidence presented the Court makes the following findings of fact and conclusion of law.

## FINDINGS OF FACT

A. *Undisputed Issues of Fact.*

The Court has jurisdiction of the parties and the claims under Rule 9(h) of the Federal Rules of Civil Procedure and it is within the admiralty and maritime jurisdiction of this Court. It is uncontested that the Defendant shipper, M & R contracted with the Defendant freight forwarder, ATLANTIC for the carriage of the cargo of steel. ATLANTIC booked the transportation of the cargo with the CHILEAN LINE for which the CHILEAN LINE issued its Bill of Lading "FREIGHT PREPAID", and carried the steel to its destination. It is also undisputed that the freight charges under the Bill of Lading, in the amount of $8,571.74 are the proper freight tariff charges for the carriage services rendered. Although the Bill of Lading was marked "FREIGHT PREPAID", CHILEAN LINE has not been paid for the freight charges pursuant to the Bill of Lading.

B. *Disputed Issues of Fact.*

The parties are at issue as to whether M & R paid ATLANTIC the $8,571.74 owed under Bill of Lading No. 7 by setting off this amount from a debt owed by CARIBBEAN SUPPLIERS and Julio Fernandez to M & R. The Court finds based upon the testimony of Raul Bustillo, President of M & R, that M & R had paid ATLANTIC by the crediting of a set off for the debt owed. Mr. Fernandez, the owner of both CARIBBEAN SUPPLIERS and ATLANTIC, expressly agreed to this arrangement whereby his debts and the debts of CARIBBEAN SUPPLIERS to M & R were reduced by the amounts owed by M & R to ATLANTIC for both freight forwarding services and freight carriage tariffs. As ATLANTIC, the freight forwarder, never paid the CHILEAN LINE the $8,571.74 it had received from M & R for payment of the tariff under Bill of Lading No. 7, it is liable to the Plaintiff, CHILEAN LINE, as M & R paid ATLANTIC the carriage charges, it is not liable for a second payment, this time to the carrier.

## CONCLUSIONS OF LAW

This case involves the situation where a shipper has paid a freight tariff to the

freight forwarder, but the freight forwarder has then failed to pay the carrier this amount due. The legal issue for determination is which party, if any, is liable for the payment of the freight tariff where the carrier has issued the Bill of Lading marked "FREIGHT PREPAID".

Although there have not been many reported decisions dealing with this issue, a well-reasoned consensus has developed holding that in the situation existing here, the freight forwarder, but not the shipper, is liable to the carrier. *Naviera Mercante S.A. v. Northrup King Co.*, 491 F.Supp. 508 (S.D.Tex.1980); *Inversiones Navieras Imparca, C.A. v. Polysar*, 465 F.Supp. 102 (S.D.Fla.1979); *Farrell Lines, Inc. v. Titan Industrial Corp.*, 306 F.Supp. 1348 (S.D.N.Y.1969), *aff'd* 419 F.2d 835 (2d Cir.1969), *cert. denied*, 397 U.S. 1042, 90 S.Ct. 1365, 25 L.Ed.2d 653 (1970).

These cases stand generally for the proposition that where a shipper has paid the freight forwarder, and where the carrier issues a Bill of Lading marked "FREIGHT PREPAID" to the freight forwarder without actually having collected the tariff from the freight forwarder, then the carrier shall be deemed to have unilaterally extended a line of credit to the freight forwarder for the payment of the tariff under the Bill of Lading so marked.

In the case at bar, it is uncontested that the freight forwarder was responsible for contracting with the Plaintiff. It is also uncontested that the Bill of Lading No. 7 was issued marked "FREIGHT PREPAID" to ATLANTIC, despite the fact that the freight tariff had not yet been paid. Finally, it is also apparent that the Plaintiff initially looked only to the freight forwarder for payment. The original complaint was filed in this lawsuit in December, 1981, while the shipper, M & R was not added as a Defendant until September, 1982.

The facts of this case are virtually on all fours with the facts found in the leading case on this subject, *Farrell Lines, Supra.* The *Farrell* Court dealt with bills of lading issued "FREIGHT PREPAID" where the freight had not been prepaid, and also with a forwarder who had been paid by the shipper, but had then not paid the carrier. Also, the carrier initially had looked only to the forwarder for payment. In this setting, the Southern District of New York held:

> We find that the carrier made a full and proper charge for the ocean freight and that it extended credit to and looked for payment from, the forwarder by stamping the bills of lading "Freight Prepaid" . . .

> We conclude that the carrier dealt with the forwarder as shipper in fact, and therefore defendant shipper is not responsible for the forwarder's nonpayment.

306 F.Supp. at 1351.

The Plaintiff, CHILEAN LINE, asks this Court to subject the shipper, M & R, to double liability based on the holding of the new Fifth Circuit in *Strachan Shipping Co. v. Dresser Industries, Inc.*, 701 F.2d 483 (5th Cir.1983). In that case, the Fifth Circuit reversed a decision of the Eastern District of Louisiana which had followed *Farrell* and the other cases holding that the issuance of "FREIGHT PREPAID" bills of lading by shippers, receiving without payment, served as credit extensions to the freight forwarders. The Fifth Circuit held that whether or not there had been an extension of credit, the important question was to determine whether the carrier had manifested an intent to release the shipper.

This position is not compelling in light of the decision and reasoning in the *Farrell Lines* case. Under *Strachan*, a shipper can be held to double liability brought on solely by the actions of the carrier in unwisely choosing to extend credit to the freight forwarder. It is the opinion of this Court that the carrier is in a better position than the shipper to protect itself in dealing with the freight forwarder because of the fact that in this case, as is usual, the substantive negotiations concerning the shipping arrangements are conducted solely between the carrier and the freight forwarder.

As well, this Court finds that even under the doctrine recited in the *Strachan* case, a finding of liability of M & R would not be mandated. Under *Strachan*, the determinative issue is whether the carrier intended to release the shipper from liability. In this case, the conduct of the CHILEAN LINE in not originally suing M & R and also in marking the Bill of Lading No. 7 "FREIGHT PREPAID", indicates that the CHILEAN LINE had indeed decided to look only to the freight forwarder for payment of the tariff in the Bill of Lading.

The Court is also aware of the decision of the Eleventh Circuit in *Naviera Neptuno S.A. v. All International Freight Forwarders, Inc.*, 709 F.2d 663 (11th Cir.1983). That case dealt with the review and reversal of a grant of summary judgment in favor of a shipper and against a carrier in a case dealing with facts similar to this case. However, a review of that case indicates that the carrier had raised the issue of local custom indicating that the stamping of a Bill of Lading "FREIGHT PREPAID" without actual payment, was really an extension of credit from carrier to *shipper.* The Eleventh Circuit held that a trial was required to allow the carrier an opportunity to prove this local custom, thereby avoiding the application of the settled precedents denying the double liability of the shipper.

In the present case, the Plaintiff has made no claim that credit was extended to the shipper. In fact, Plaintiff offered no evidence whatsoever that the transaction in issue differed at all from the normal practice whereby marking the Bill of Lading "FREIGHT PREPAID" is treated as an extension of credit from the carrier to the *freight forwarder, not to the shipper,* who was not involved in the actual issuance of this Bill of Lading. Because of this key factual difference, the *Naviera Neptuno* decision is not applicable to the case at bar.

## CONCLUSION

Based on the facts as stipulated to and found by the Court, and relying on the reasoning and conclusions of factually applicable cases such as *Farrell Lines* and *Inversiones Navieras Imparca, Supra* it is ORDERED AND ADJUDGED as follows:

1. The Defendant/freight forwarder, ATLANTIC CARIBBEAN SHIPPING CO., is liable to the Plaintiff for the freight tariff listed on Bill of Lading No. 7 in the amount of $8,571.74.

2. The Defendant/shipper, M & R INTERNATIONAL, INC., is not liable to the Plaintiff for the tariff listed on Bill of Lading No. 7.

3. The Plaintiff shall have and recover a judgment from Defendant, ATLANTIC CARIBBEAN SHIPPING CO., in the amount of $11,315.70, representing both the tariff listed under Bill of Lading No. 7 and the amount already adjudged due and owing from ATLANTIC CARIBBEAN to CHILEAN LINE based on the Partial Judgment on the Pleadings entered by this Court by it's Order dated June 11, 1982, for which amount let execution issue.