United States Court of Appeals,

Eleventh Circuit.

No. 95-6691.

NATIONAL SHIPPING COMPANY OF SAUDI ARABIA, Plaintiff-Appellant,

v.

OMNI LINES, INC., Defendant-Third-Party Plaintiff-Appellee,

Exchange Transportation International, Inc., Third-Party Defendant-Appellee.

March 6, 1997.

Appeal from the United States District Court for the Southern District of Alabama. (No. CV94-57-T-C), Daniel Holcombe Thomas, District Judge.

Before ANDERSON, Circuit Judge, and KRAVITCH and HENDERSON, Senior Circuit Judges.

KRAVITCH, Senior Circuit Judge:

National Shipping Company of Saudi Arabia ("NSCSA") appeals the district court's judgment following a bench trial in favor of Omni Lines, Inc. ("Omni"). NSCSA, as a freight carrier, argued that where a shipper pays freight charges due under a bill of lading to a freight forwarder but the forwarder never pays the carrier, the shipper remains liable to the carrier for the unpaid freights. The district court rejected NSCSA's contention. On appeal, we review the district court's factual rulings for clear error and its legal conclusions *de novo. Newell v. Prudential Ins. Co.,* 904 F.2d 644, 649 (11th Cir.1990). We reverse.

I.

Acting through a freight forwarder, Exchange Transport International ("Exchange"), the parties arranged for the carriage of newsprint from St. John, Canada to Jedda, Saudi Arabia.

Specifically, NSCSA transported the newsprint pursuant to a bill of lading listing Omni as the shipper.  The freight charge on the bill totaled $67,794.62 and the bill was marked "Freight Prepaid." Despite marking the bill prepaid, NSCSA claims—and Omni does not dispute—that the bill was never paid.  Although Exchange issued an invoice to Omni for the freight charges, which Omni promptly paid, Exchange did not pay NSCSA and instead applied Omni's payment to its own outstanding debts.  Exchange since has gone out of business and NSCSA's attempts to collect from Exchange have been fruitless. NSCSA therefore brought the instant action, alleging that Omni remains liable under the bill of lading for the unpaid freights.

## II.

As an initial matter, we note that any result we reach in this case necessarily will be somewhat inequitable.  Neither party to the instant suit has done other than what it was expected to do; NSCSA transported the goods as arranged by Exchange, and Omni paid Exchange when billed.  Thus, we must decide whether Omni must be made to pay twice or whether NSCSA is not paid at all.

Perhaps because of this Hobson's choice, courts have adopted varying approaches to cases where a carrier issues a "freight prepaid" bill of lading even though it has not yet been paid, the shipper pays the freight forwarder, and the forwarder fails to pay the carrier.  Some courts ask whether the use of the term "freight prepaid," in the specific circumstances of the case, was meant to act as an extension of credit by the carrier to the forwarder, in which case the carrier's only recourse is against the forwarder, or was an extension of credit to the shipper, in which case the

shipper remains liable on the bill.[1]  Indeed, this court has noted that such evidence of local custom can create shipper liability. In *Naviera Neptuno S.A. v. All International Freight Forwarders, Inc.,* 709 F.2d 663, 665 (11th Cir.1983), we reversed summary judgment for a shipper and remanded for the district court to determine whether local custom was to treat the "freight prepaid" notation as an extension of credit from the carrier to the shipper. If so, we held, the shipper could be held liable for freight charges, even though the shipper had paid a freight forwarder in full.

NSCSA argues that *Naviera* governs this case, based on its claim that it introduced, at trial, unrefuted evidence of a local custom viewing "freight prepaid" as an extension of credit from the carrier to the shipper.  We disagree.  NSCSA's proof at trial did not indicate whether the use of the term "freight prepaid" on the bill of lading allocated—between NSCSA and Omni—the risk of loss due to the forwarder's failure to pay the carrier.  Rather, NSCSA's revenue controller, Saniisha Williams, testified that marking a bill of lading "freight prepaid" is a way of indicating that the freight will be paid at the point where the cargo is loaded, not

---

[1]*See, e.g., Compania Sud Americana de Vapores v. Atlantic Caribbean Shipping Co.,* 587 F.Supp. 410, 413 (S.D.Fla.1984) (holding that unless carrier produces evidence that "freight prepaid" means an extension of credit to the shipper, usual rule is that it is an extension of credit to the forwarder); *Koninklijke Nedlloyd BV v. Uniroyal, Inc.,* 433 F.Supp. 121, 128 (S.D.N.Y.1977) (finding that carrier extended credit to forwarder); *Farrell Lines, Inc. v. Titan Industrial Corp.,* 306 F.Supp. 1348, 1351 (S.D.N.Y.) (same), *aff'd,* 419 F.2d 835 (2d Cir.1969), *cert. denied,* 397 U.S. 1042, 90 S.Ct. 1365, 25 L.Ed.2d 653 (1970).

the point of delivery.[2]  Consequently, although we recognize our prior precedent, we conclude that this case is not controlled by it.  We therefore consider the liability rules crafted by other courts to deal with the situation where a local custom is unproven.

Some courts have "held that the equitable estoppel doctrine bar[s carriers] from recovering freight charges where [the shippers] were justified in believing that [the carriers] had been paid for their services."  *Olson Distributing Systems, Inc. v. Glasurit America, Inc.,* 850 F.2d 295, 296 (6th Cir.1988).[3]  These courts reason that it would be inequitable to hold a shipper liable if it justifiably relied on the "freight prepaid" notation, in

---

[2]Ms. Williams's twice referred to the phrase "freight prepaid" in her testimony:

> Freight prepaid—it was marked freight prepaid because it was to be paid on this side where the cargo originates, in the country of origin as opposed to collect where the consignee is responsible for paying the freight charges.

> We have two modes of payment.  Either prepaid or collect.  If a bill of lading is prepaid, the shipper is responsible for paying the charges on this side.  If it's collect, the consignee pays the charge at the time of delivery.

> Freight prepaid means that the shipper of record is going to pay the charges either directly or through his agent, that the freight charges are going to be paid at the country of origin, or the area where the cargo is loaded.

> If a shipment goes freight collect, the consignee is responsible for paying the charges and the charges are paid at the time of the delivery of the goods.

R-2 at 22-23.

[3]*See also Inman Freight Syst., Inc. v. Olin Corp.,* 807 F.2d 117, 121 (8th Cir.1986); *Mediterranean Shipping Co. v. Elof Hansson, Inc.,* 693 F.Supp. 80, 84-85 (S.D.N.Y.1988).

addition to other objective indications that the carrier viewed the freight forwarder as ultimately being liable for charges due under the bill of lading.

By contrast, there are cases leaning towards a semi-strict liability for shippers.  These decisions indicate that unless the carrier intends to release the shipper from its duty to pay under the bill of lading, the shipper remains liable to the carrier, irrespective of the shipper's payment to a freight forwarder.  We find support for this doctrine in dicta from this court's predecessor:

> Of course it makes a lot of difference whether this is really a suit by the Carrier.  If it is a suit by the Carrier, we can assume that by virtue of its filed tariffs expressly incorporating its bill of lading contract, conduct by the Carrier—no matter how inequitable—cannot excuse it from enforcing collection of freight, nor can harm innocently suffered by the Shipper—occasioned by the wrongdoing of another (the Agent)—excuse it from paying the Carrier even though this means payment twice.  That would follow from the rigorous policy which, to prohibit not only discrimination but the possibility of it, gives to carrier tariffs the force of law.

*Compania Anonima Venezolana De Navegacion v. A.J. Perez Export Co.,* 303 F.2d 692, 695-96 (5th Cir.), *cert. denied,* 371 U.S. 942, 83 S.Ct. 321, 9 L.Ed.2d 276 (1962) (footnotes omitted).[4] Subsequently, the Fifth Circuit adopted a rule which, although not as severe as its prior opinion foreshadowed, still views shipper liability as the default rule.  In *Strachan Shipping Co. v. Dresser Indus., Inc.,* 701 F.2d 483 (5th Cir.1983), the court held that bills of lading marked prepaid did not relieve a shipper of

---

[4]*See also Bartlett-Collins Co. v. Surinam Navigation Co.,* 381 F.2d 546, 549 (10th Cir.1967) (shipper liable on bill of lading "no matter how inequitable the conduct of the carriers").

liability unless the shipper could demonstrate that the carrier released it.[5]

Upon consideration, we believe that the *Strachan* approach—the shipper is liable unless released by the carrier—is the best rule. The district court relieved Omni of liability because it found that NSCSA, by using the words "freight prepaid," extended credit to Exchange, not to Omni. We hold that this conclusion was error because, although an extension of credit from the carrier to the shipper is one way to make the shipper liable, it is not the only way. After all, the bill of lading is a contract between the carrier and the shipper and the carrier has a contractual right to expect payment pursuant to that bill. Should the shipper wish to avoid liability for double payment, it must take precaution to deal with a reputable freight forwarder or contract with the carrier to secure its release. In adopting the same standard we do today, the Fifth Circuit noted that there are legitimate policy reasons for adopting a rebuttable presumption in favor of shipper liability:

> [W]e think that our result comports with economic reality. A freight forwarder provides a service. He sells his expertise and experience in booking and preparing cargo for shipment. He depends upon the fees paid by both shipper and carrier. He has few assets, and he books amounts of cargo far exceeding his net worth. Carriers must expect payment will come from the shipper, although it may pass through the forwarder's hands. While the carrier may extend credit to the forwarder, there is no economically rational motive for the carrier to release the shipper. The more parties that are liable, the greater the assurance for the carrier that he will be paid.

*Strachan,* 701 F.2d at 490. We find this reasoning persuasive.

We cannot, however, say as a matter of law that NSCSA has or

---

[5]*See also Sea-Land Serv., Inc. v. Amstar Corp.,* 690 F.Supp. 246, 250 (S.D.N.Y.1988) (following *Strachan* ).

has not released Omni from its duty to pay. The use of the words "freight prepaid" appears to point towards release, as does the fact that NSCSA focused its initial collection efforts at Exchange. Nevertheless, both of these indications were present in *Strachan,* and the Fifth Circuit found that the shipper had not been released. Weighing against release, NSCSA claims that local custom views "freight prepaid" as an extension of credit to the shipper. We also note that the bill of lading itself does not favor finding release; it states:

> Full freight to destination shall be considered completely earned upon receipt of the Goods at Point of Origin, whether the freight be stated or intended to be prepaid or to be collected at destination, and the Carrier shall be entitled to all freight and charges due hereunder, whether actually paid or not and to receive and retain them irrevocably under all circumstances whatsoever.

Bill of Lading at 2, § 15. Thus, we conclude that a factual issue remains for the trial court's resolution. Upon remand, the court should consider the foregoing—as well as other evidence—in applying the standard we have enunciated above.[6]

### III.

Accordingly, we REVERSE the judgment of the district court and REMAND for further proceedings consistent with this opinion.

*       *       *       *       *       *

---

[6]We also note that, should the district court find Omni liable, it must wrestle with the amount of its liability. It appears from the record that Exchange negotiated a $91.00/ton freight charge, but NSCSA billed Omni at a rate of $96.00/ton.