**METROPOLITAN LIFE INSURANCE COMPANY, Plaintiff,**

v.

**Alberto O'FERRALL OCHART; George Henneberger and Zulma E. Henneberger, as guardians for minor Sigrid M. O'Ferrall Santiago, Defendants.**

**Civ. No. 85–0509 (JAF).**

United States District Court, D. Puerto Rico.

April 14, 1986.

---

Adrián Mercado, Old San Juan, P.R., for plaintiff.

Roberto Sicilia, Santurce, P.R., for defendants.

Rafael Rodríguez Journet, Old San Juan, P.R., for Alberto O'Ferrall Ochart.

## OPINION AND ORDER

FUSTE, District Judge.

This is an interpleader action brought by plaintiff Metropolitan Life Insurance Company (Metropolitan) under the provisions of 28 U.S.C. Sec. 1335. The amount in controversy exceeds $500. The adverse claimants satisfy the requirement of diversity of citizenship. In the instant case, Metropolitan interpleaded Alberto O'Ferrall Ochart and George Henneberger and Zulma E. Henneberger, as legal guardians for the minor Sigrid M. O'Ferrall Santiago, all of whom claim to be entitled to an amount owed under a life insurance policy.

Decedent Alberto G. O'Ferrall was insured under the Federal Employees Group Life Insurance Program (FEGLI) for an amount of $45,000. The designated beneficiaries were his wife Sigrid H. Santiago de O'Ferrall in an 80% share of the proceeds, and his son Alberto O'Ferrall Ochart in a 20% share of the policy proceeds.

On July 18, 1985, the insured decedent Alberto G. O'Ferrall murdered his wife and policy-beneficiary Sigrid H. Santiago de O'Ferrall. In so doing, he gave her six revolver shots. Afterwards, decedent and insured committed suicide by shooting himself in his thorax. This fatal wound lacerated and perforated his internal organs. Within this pitiful factual situation, a dispute arose as to who was entitled to the 80% insurance coverage originally destined for the murdered wife. The daughter of the deceased couple, minor Sigrid M. O'Ferrall Santiago, represented by her alleged legal custodians, sent a letter to Metropolitan stating that she had inherited the 80% benefits from her deceased mother. On the other hand, Alberto O'Ferrall Ochart, who has a 20% share of the policy benefits on the life insurance, claims that under the terms of the policy contract, the monies are his.

A counterclaim against Metropolitan was filed by Alberto O'Ferrall Ochart based on the unmeritorious use of the interpleader proceeding. Costs and attorney's fees were requested. The Hennebergers answered the interpleader complaint and also filed a cross claim against Alberto O'Ferrall Ochart, where they allege that minor Sigrid M. O'Ferrall Santiago has suffered mental anguish and loss of the love and care of her mother, compensable in the amount of $250,000. As it relates to said cause of action, O'Ferrall Ochart filed a motion to strike the pleading alleging that a wrongful death action is not a pertinent matter to be decided on an interpleader complaint.

### I.

█ An interpleader action is a mechanism to which a debtor may recur when he does not know to who he owes monies. C. Wright, *Law of Federal Courts* 493 (1983). A specific, identifiable property or fund must be involved. *Champlin Petroleum Co. v. Ingram,* 560 F.2d 994 (10th Cir. 1977), *cert. denied* 436 U.S. 958, 98 S.Ct.

3072, 57 L.Ed.2d 1123. The extension into which an interpleader suit may be extended by the joinder of new parties and new claims is delineated by the *res* of the case. By this we mean that the monies or property subject to diverse and opposed claims of entitlement which has caused a plaintiff to initiate a federal interpleader action will be the criteria to look at when deciding a motion of joinder of claims or parties. "In order to further an interpleader action, two different funds with different claimants cannot be joined in one interpleader action." C. Wright & A. Miller, *Federal Practice and Procedure*, Sec. 1715 at 459, 139 (Supp.1985); *Knoll v. Socony*, 369 F.2d 425 (10th Cir.1966), *cert. denied* 386 U.S. 977, 87 S.Ct. 1173, 18 L.Ed.2d 138; *Am. Fidelity Fire Ins. Co. v. Construcciones Werl, Inc.*, 407 F.Supp. 164 (D.C.V.I.1975).

■ Codefendants Henneberger want to join in this action a suit for damages against the estate of Alberto G. O'Ferrall. Such step is contrary to the policy and rules to be followed in an interpleader action. The suit would involve the addition of several members of the estate who do not have a claim, nor pose to have one, over the insurance monies. Furthermore, the facts to deal with are more complex than to decide who has a right to a claim of policy monies. A wrongful death compensation would necessarily be charged against other funds. Therefore, we decline to entertain the cause of action for wrongful death against the estate of decedent insured within this interpleader proceeding.

On the merits of the interpleader action, O'Ferrall Ochart has moved for summary judgment alleging that there are no material fact in controversy. The Hennebergers insist that there is a controversy by alleging conclusively that Sigrid H. Santiago de O'Ferrall died after Alberto G. O'Ferrall. They allege so without bringing forth any evidence to sustain the allegation. Summary judgment is a proper decisional vehicle in an interpleader action. *James Talcott, Inc. v. Allahabad, Ltd.*, 444 F.2d 451 (5th Cir.1971), *cert. denied* 404 U.S. 940, 92 S.Ct. 280, 30 L.Ed.2d 253. The affidavit submitted by O'Ferrall Ochart brought before this Court several testimonies of eyewitnesses to the incident. They all state repeatedly that they saw Alberto G. O'Ferrall go towards the car where his wife was waiting. He shot her several times. Thereafter, he went inside his house and another shot was heard. The medical autopsy reports, with a high degree of forensic medical certainty, that after the six shots she was inflicted with, Sigrid Santiago de O'Ferrall died before her husband and insured decedent committed suicide by shooting himself once. The fact is that Sigrid H. Santiago de O'Ferrall died before her husband.

## II.

■ Who has a right to the insurance monies, the minor daughter Sigrid M. O'Ferrall Santiago, the remaining beneficiary, Alberto O'Ferrall Ochart, or the estate of the deceased? The choice of law to be applied in this type of action is the law of the forum state. C. Wright & A. Miller, *Federal Practice and Procedure: Civil*, Sec. 1713 at 433. In Puerto Rico, the rule in insurance policy contracts is that the interpretation of the same is based on the contract itself as a primary source and on the Insurance Code, 26 L.P.R.A. Sec. 101–4024. *Rosario v. Atlantic Southern Ins. Co. of P.R.*, 95 D.P.R. 759 (1968). The life insurance proceeds are not part of the deceased's estate when the insured has assigned specific beneficiaries. *Vda. de Pizá v. Secretario de Hacienda*, 86 D.P.R. 215, 218–219 (1962); *Marautou v. Secretario de Hacienda*, 87 D.P.R. 185, 192, 26 L.P.R.A. Secs. 1133, 1134.

As already expressed, the insured Alberto G. O'Ferrall filed a designation of beneficiary on his policy. In the interpleader complaint it is stated and was not denied by any of the defendants, that the designation read:

> If more than one beneficiary is named, the share of any beneficiary who may predecease me [the insured] shall be distributed equally among the surviving beneficiaries, or entirely to the survivor.

If such designation had not been expressly realized, then the provisions of section 11 of the life insurance policy would have come into play. This section fixes a generational order of payment of any amount of the policy to which "there be no designated beneficiary as to all or any part of the insurance." However, this is not the case. The specific policy designation governs. Summary judgment will issue in this respect on behalf of Alberto O'Ferrall Ochart.

We hereby ORDER that the policy proceeds in controversy deposited with the Registry of the Court be disbursed to the designated beneficiary Alberto O'Ferrall Ochart. The crossclaim for wrongful death is DISMISSED without prejudice.

IT IS SO ORDERED.