**WAUSAU INSURANCE COMPANIES, et al., Plaintiffs–Appellants,**

v.

**Maria GIFFORD, et al., Defendants–Appellees.**

**No. 91-3024.**

United States Court of Appeals, Fifth Circuit.

March 5, 1992.

---

William Alexander Porteous, III, Porteous, Hainkel, Johnson & Sarpy, New Orleans, La., for U.S. Fidelity & Guar. Ins. Co.

Roy Morrow Bowes, Gretna, La., for Maria Gifford et al.

John Michael Johnson, Galloway, Johnson, Tompkins & Burr, New Orleans, La., for J.J. Krebs & Son, Inc. et al.

Mark N. Mallery, Keith M. Pyburn, Jr., McCalla, Thompson, Pyburn & Ridley, New Orleans, La., for Home Buyers Warranty Corp. II et al.

Before WILLIAMS, HIGGINBOTHAM, and BARKSDALE, Circuit Judges.

JERRE S. WILLIAMS, Circuit Judge:

Six insurance companies were included in numerous lawsuits by homeowners against their developer. After failing to have the state law claims consolidated, the insurance companies filed an interpleader action in federal district court. The district court dismissed the action for lack of subject matter jurisdiction, and we affirm the dismissal.

## I. FACTS

In the mid–1980s, Coast Quality Construction Corporation/Sunrise Homes, Inc. ("Coast") built and sold suburban houses in Jefferson Parish, Louisiana. The houses were purchased over a four-year period. Numerous homeowners instituted suits against Coast because the houses' slabs or foundations began to crack, and the houses began to sink or settle unevenly. The suits, filed in Louisiana state court, sought damages in redhibition. In each of the lawsuits, the insurers, Wausau Insurance Companies, Valley Forge Insurance Company, Louisiana Insurance Guaranty Association, Scottsdale Insurance Company, Continental Casualty Company, and United States Fidelity and Guaranty Insurance Company (the "Insurance Companies"), were named as defendants.

P. Albert Bienvenu, Ernest L. O'Bannon, Bienvenu, Foster, Ryan & O'Bannon, New Orleans, La., for Scottsdale Ins. Co.

Sally I. Gaden, Montgomery, Barnett, Brown, Read, Hammond & Mintz, New Orleans, La., for Louisiana Ins. Guar. Ass'n.

Richard S. Vale, Blue, Williams & Buckley, Metairie, La., for Wausau Ins. Companies.

John A. Stewart, Jr., Sarah A. Lowman, Hulse, Nelson & Wanek, New Orleans, La., for Valley Forge Ins. Co. and Continental Cas. Co.

These six Insurance Companies provided the following coverage to Coast:

| Period Covered | Insurer | Amount/Type of Coverage | |
|---|---|---|---|
| 7/1/83—5/5/85 | Wausau | $ 200,000 | Primary |
| 7/1/83—7/1/85 | LIGA | $ 300,000 | Excess |
| 5/5/85—5/5/86 | U.S.F. & G. | $ 500,000 | Primary |
| 7/1/85—7/1/86 | Scottsdale | $3,000,000 | Excess |
| 5/5/86—5/5/87 | Valley Forge | $ 500,000 | Primary |
| 7/1/86—5/5/87 | Continental | $3,000,000 | Excess |

Coast's total coverage at any single time, therefore, was no more than $3,500,000, and its total coverage between 1983 and 1987 amounted to $7,500,000.

Because of the similarity of factual and legal issues presented in the approximately 30 separate cases, the Insurance Companies attempted to consolidate the actions in one state court proceeding, but the state court declined to do so. In another attempt to accomplish the effect of a consolidation of the cases, the Insurance Companies filed this interpleader action in federal district court pursuant to 28 U.S.C. § 1335. They sought additionally a declaratory judgment pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., and injunctive relief pursuant to 28 U.S.C. § 2361. The district court dismissed the Complaint for Interpleader on the grounds of lack of subject matter jurisdiction, and the Insurance Companies appeal the decision of the interpleader claim.

## II. DISCUSSION

■ There are at present two types of interpleader actions, statutory interpleader and the traditional equitable interpleader. The Insurance Companies sought a statutory interpleader action pursuant to 28 U.S.C. § 1335.[1] The Insurance Companies argue in their briefs that all the requirements of a statutory interpleader have been met. But there is one critical requirement lacking: the res or common fund.

■ The courts and authorities have uniformly held that a single, identifiable fund is a prerequisite to an interpleader action. *State Farm Fire & Casualty Co. v. Tashire*, 386 U.S. 523, 530, 87 S.Ct. 1199, 1203, 18 L.Ed.2d 270 (1967) (stating that the legislative purpose was "to remedy the problems posed by multiple claimants to a single fund"); *Matter of Bohart*, 743 F.2d 313, 324 (5th Cir.1984) ("An interpleader action is designed to protect a stakeholder, as such, from the possibility of multiple claims upon a single fund"); *Gaines v. Sunray Oil Company*, 539 F.2d 1136, 1141 (8th Cir.1976) ("Requisite to the maintenance of an interpleader action is that the stakeholder be subject to multiple adverse

1. "(a) The district courts shall have original jurisdiction of any civil action of interpleader or in the nature of interpleader filed by any person, firm, or corporation, association or society ... having issued a note, bond, certificate, policy of insurance, or other instrument of value or amount of $500 or more ... if

(1) Two or more adverse claimants, of diverse citizenship as defined in section 1332 of this title, are claiming or may claim to be entitled to such money or property, or to any one or more of the benefits arising by virtue of any note, bond, certificate, policy or other instrument, or arising by virtue of any such obligation; and if (2) the plaintiff has deposited such money or property or has paid the amount of or the loan or other value of such instrument or the amount due under such obligation into the registry of the court, there to abide the judgment of the court, or has given bond payable to the clerk of the court in such amount and with such surety as the court or judge may deem proper, conditioned upon the compliance by the plaintiff with the future order or judgment of the court with respect to the subject matter of the controversy.

(b) Such an action may be entertained although the titles or claims of the conflicting claimants do not have a common origin, or are not identical, but are adverse to and independent of one another."

claims against a single fund or liability"); *Metropolitan Life Ins. Co. v. O'Ferrall Ochart,* 635 F.Supp. 119, 120 (D.P.R.1986) ("A specific, identifiable property or fund must be involved"); Wright, Miller & Kane, *Federal Practice & Procedure: Civil 2d* § 1704 (1986) ("The primary test for determining the propriety of interpleader ... is whether the stakeholder legitimately fears multiple vexation directed against a single fund").

The present case does not involve an identifiable fund. Instead, we are confronted with six insurance funds encompassing different periods during a four-year span. In fact, it is unclear whether there are legitimate claims against each fund. It is possible that all of the claims will fall within the time period applicable to a single primary and a single excess insurer. In essence, this would mean four of the insurers would have funds which are not subject to liability. There is no way the exact amount of the fund in question can be formulated. Because the present case involves six separate funds and because it is unclear whether there are legitimate claims against each fund, we conclude that an identifiable fund as required for interpleader actions is not involved.

■ Furthermore, the requirement that there be just one single fund is also well established. Different funds with different claimants cannot be joined in one interpleader action. Wright, Miller & Kane, *Federal Practice & Procedure: Civil 2d* § 1715 (1986). "[A]n interpleader action, whether rule or statutory, will not lie where there are independent funds each with its own claimants—even if the two funds arose out of a common origin." *American Fidelity Fire Ins. Co. v. Construcciones Werl, Inc.,* 407 F.Supp. 164, 174 (D.V.I.1975). *See also Lafayette Corp., Ltd. v. Bank of Boston International South,* 723 F.Supp. 1461, 1465 (S.D.Fla.1989). Thus, even if there are legitimate claims against each of the insurers, the Insurance Companies cannot join the funds in one interpleader action.

■ We are aware that there are benefits to be gained from consolidating the claims of the numerous homeowners. The Insurance Companies face exposure to multiple litigation, and the similarity of the factual and legal issues presented indicates consolidation would ease their burden in this litigation. Nevertheless, it is inescapable that the Insurance Companies do not present a proper interpleader claim. Interpleader is not designed to solve all problems associated with multiparty litigation. *State Farm Fire & Casualty Co. v. Tashire,* 386 U.S. at 535, 87 S.Ct. at 1206; *Pan American Fire & Casualty Co. v. Revere,* 188 F.Supp. 474, 480 (E.D.La.1960). It does not provide a method of forum shopping for parties disappointed with the outcome of their consolidation motions in state court. *State Farm Fire & Casualty Co. v. Tashire,* 386 U.S. at 535, 87 S.Ct. at 1206; *Indianapolis Colts v. Mayor & City Council of Baltimore,* 733 F.2d 484, 486–87 (7th Cir.1984). Consequently, although the Insurance Companies have urged the benefits of consolidation, their attempted use of interpleader to obtain federal jurisdiction and a form of consolidation must be unavailing.

## III. CONCLUSION

Interpleader actions require a single, identifiable fund. We do not have such a fund in this case. Interpleader cannot be used to consolidate cases involving diverse claims against diverse funds. We affirm the district court's dismissal of the interpleader action.

AFFIRMED.