Charles E. BRADLEY, John G. Poole, DeVlieg–Bullard, Inc., Laurence De-France, and William Thomas, Plaintiffs–Appellants,

v.

John KOCHENASH and DeVlieg, Inc., and its Official Committee of Unsecured Creditors, Defendants–Appellees.

No. 324, Docket 94–7331.

United States Court of Appeals, Second Circuit.

Argued Oct. 14, 1994.

Decided Jan. 5, 1995.

Christopher P. McCormack, New Haven, CT (Tyler Cooper & Alcorn, New Haven, CT, on the brief), for plaintiffs-appellants.

Jeffrey W. Golan, Philadelphia, PA (Sheldon L. Albert, Leonard Barrack, Barrack, Rodos & Bacine, Philadelphia, PA, J. Daniel Sagarin, Elias A. Alexiades, Hurwitz & Sagarin, Milford, CT, on the brief), for defendant-appellee Kochenash.

Craig A. Willette, Rockford, IL (David K.A. Shair, Ritz, Shair & Willette, Rockford, IL, on the brief), for defendants–appellees DeVlieg, Inc., and its Official Committee of Unsecured Creditors.

Before: OAKES, KEARSE, and ALTIMARI, Circuit Judges.

KEARSE, Circuit Judge:

Plaintiffs Charles E. Bradley, *et al.* ("plaintiffs"), appeal from a final judgment of the United States District Court for the District of Connecticut, Ellen Bree Burns, *Judge,* dismissing their complaint seeking interpleader pursuant to Fed.R.Civ.P. 22 against two defendants, each of whom has commenced an action against plaintiffs. The district court dismissed the complaint on the ground that Rule 22 interpleader is inappropriate because the actions against plaintiffs resulted from plaintiffs' creation of multiple obligations. On appeal, plaintiffs contend that the dismissal was error, and that Rule 22 interpleader is available on the ground that the cases against them involve common

factual issues and mutually exclusive claims and thus expose them to the risk of inconsistent factual determinations and multiple liability. We see no error in the district court's decision, and we therefore affirm the judgment dismissing the complaint.

## I. BACKGROUND

According to the various complaints, plaintiff DeVlieg–Bullard, Inc. ("DBI"), is a corporation whose predecessor was founded in 1986 by, *inter alios,* Bradley and plaintiffs John G. Poole and Laurence DeFrance. Bradley, Poole, and DeFrance are and, since its founding have been, among DBI's officers and directors; individually and through related entities, they have always held a majority or controlling interest in DBI.

Defendant DeVlieg, Inc. ("DeVlieg"), is a privately held corporation. In 1988, Bradley, Poole, and DeFrance, individually and through related entities, acquired a controlling interest in DeVlieg. Bradley, Poole, DeFrance, and plaintiff William Thomas were officers and directors of DeVlieg between the summer of 1987 and December 1989.

In March 1990, DBI held a public offering of its shares. At the time of the offering, Bradley, Poole, DeFrance, and Thomas were directors of DBI. In connection with the offering, DBI purchased two of DeVlieg's subsidiaries and one of its divisions (collectively the "DeVlieg subsidiaries" or "subsidiaries") for a total of approximately $36.4 million.

In August 1991, DeVlieg filed a petition for bankruptcy in the United States District Court for the Northern District of Illinois. In August 1993, DeVlieg and its Committee of Unsecured Creditors commenced an action in that court, *DeVlieg, Inc. v. Bradley,* No. 93–C–20208 (N.D.Ill.1993) (the "DeVlieg Creditors Action"), against, *inter alios,* Bradley, Poole, DeFrance, Thomas, and DBI, alleging that the sale of the DeVlieg subsidiaries to DBI was a fraudulent conveyance. One of the contentions in the DeVlieg Creditors Action is that the price DBI paid for the subsidiaries was unfairly low.

Defendant John Kochenash is a shareholder of DBI who purchased shares in its March 1990 public offering. In 1992, Kochenash commenced a suit in the United States District Court for the District of Connecticut, styled a shareholder class action on behalf of himself and others who had purchased DBI shares in that offering, *Kochenash v. Stanwich Oil & Gas, Inc.,* No. 5:92–CV–117 (D.Conn.1992) (the "DBI Shareholder Action"), against, *inter alios,* Bradley, Poole, DeFrance, and DBI. The DBI Shareholder Action complaint principally asserts claims under the Securities Act of 1933, 15 U.S.C. § 77a *et seq.* (1988), and the Securities Exchange Act of 1934, 15 U.S.C. § 78a *et seq.* (1988), alleging that DBI fraudulently overstated the value of the DeVlieg subsidiaries and paid too high a price for them.

In October 1993, Bradley, Poole, DeFrance, and DBI, who were sued in both the DBI Shareholder and the DeVlieg Creditors Actions, along with Thomas who was sued only in the DeVlieg Creditors Action, commenced the present suit seeking interpleader relief pursuant to Fed.R.Civ.P. 22. The complaint asserted that such relief was necessary to avoid plaintiffs' exposure to double liability in the event that the factfinder in the DeVlieg Creditors Action were to find that the price DBI paid for the DeVlieg subsidiaries was too low and the factfinder in the DBI Shareholder Action were to find that that price was too high. Plaintiffs argued that resolution of one set of allegations regarding the propriety of the price paid for the subsidiaries would necessarily resolve the other set of allegations, and that the claims were therefore mutually exclusive. The complaint requested that defendants be compelled to litigate their respective claims, insofar as they challenged the fairness of the price DBI paid for the DeVlieg subsidiaries, in the present action and be enjoined from pursuing those claims in any other court.

Defendants moved to dismiss the interpleader complaint on the ground, *inter alia,* that Rule 22 interpleader is inapplicable. In a Ruling on Defendants' Motion To Dismiss, dated January 25, 1994 ("Ruling"), the district court agreed. While noting that Rule 22 authorizes an interpleader action where the plaintiff is or may be exposed to multiple liability, the court stated that the Rule none-

theless requires that the threat of multiple liability result from a " 'single right or obligation,' " Ruling at 10 (quoting *Bankers Trust Co. v. Manufacturers National Bank,* 139 F.R.D. 302, 307 (S.D.N.Y.1991)). The court found that the Rule was inapplicable here because the underlying actions "do not result from a single obligation but stem from multiple obligations created by the interpleading plaintiffs for their own benefit." Ruling at 12.

## II. DISCUSSION

Plaintiffs have appealed, contending principally that the district court misconstrued Rule 22 by ignoring its provision that the claims as to which interpleader is sought need "not have a common origin." We conclude that the district court properly concluded that Rule 22 interpleader was inappropriate.

Historically, a bill of interpleader was an equitable device whose purpose was "the avoidance of the burden of unnecessary litigation or the risk of loss by the establishment of multiple liability when only a single obligation is owing." *Texas v. Florida,* 306 U.S. 398, 412, 59 S.Ct. 563, 570, 83 L.Ed. 817 (1939). As "strict" interpleader evolved, it was available to a plaintiff when (1) the same debt or duty was demanded by all of the defendants, (2) all of the defendants' adverse titles or claims were derived from or dependent upon a common source, (3) the plaintiff was a neutral stakeholder, asserting no claim of its own to the fund or property against which the defendants made claims, and (4) the plaintiff had no independent liability to any of the defendants. *See generally* 3A *Moore's Federal Practice* ¶ 22.03, at 22–12 to 22–13 (2d ed. 1994); 7 C. Wright, A. Miller, & M. Kane, *Federal Practice and Procedure* § 1701, at 484–85 (1986) ("Wright, Miller, & Kane").

As "equity extended its jurisdiction," the third of these requirements was relaxed, and a bill "in the nature of interpleader" became available in order to "guard against the risks of loss from the prosecution in independent suits of rival claims where the plaintiff himself claim[ed] an interest in the property or fund which [wa]s subjected to the risk."

*Texas v. Florida,* 306 U.S. at 406–07, 59 S.Ct. at 568. Whether "strict" or merely "in the nature of," however, in each instance the goal of interpleader was to protect the plaintiff from "the risk of multiple suits when the liability [wa]s single." *Id.* at 406, 59 S.Ct. at 568.

Since the 1930's, interpleader has been authorized both by statute, *see* 28 U.S.C. § 1335 (1988), and by Fed.R.Civ.P. 22. Both the statute and the Rule further relax some of the classic prerequisites for interpleader. To the extent pertinent here, Rule 22 provides as follows:

> Persons having claims against the plaintiff may be joined as defendants and required to interplead when their claims are such that the plaintiff is or may be exposed to double or multiple liability. It is not ground for objection to the joinder that the claims of the several claimants or the titles on which their claims depend do not have a common origin or are not identical but are adverse to and independent of one another.

Fed.R.Civ.P. 22(1). Though Rule 22 thus eliminates the common-origin requirement, it remains true that "[a] prerequisite for permitting interpleader is that two or more claimants must be 'adverse' to each other," Wright, Miller, & Kane § 1705, at 507; *see also Hebel v. Ebersole,* 543 F.2d 14, 17 (7th Cir.1976). The requirement that the claims as to which interpleader is sought be adverse to each other "is not met when ... the 'stakeholder' may be liable to both claimants." Wright, Miller, & Kane § 1705, at 507–09. Thus, the protection against "double or multiple liability" provided by Rule 22 is protection only against double or multiple liability that is unjustifiable because the plaintiff has but a single obligation.

In the present case, plaintiffs could, as a matter of theory, justifiably be found liable to both sets of defendants. Though plaintiffs' characterization of the claims that DBI paid too much and the claims that it paid too little as mutually exclusive has surface appeal, that characterization does not withstand scrutiny. The value of property is not determined in a vacuum but rather depends on its potential use by whatever entity may own it.

Just as property may be worth one amount to prospective buyer *A* and a different amount to prospective buyer *B*, the property may have different values to the seller and to the eventual purchaser, depending on their respective circumstances. Thus, the DeVlieg Creditors Action claim that the subsidiaries purchased by DBI were worth more than $36.4 million to DeVlieg is not necessarily inconsistent with the DBI Shareholder Action claim that they were worth less than that amount to DBI. These are not conflicting claims of the right to ownership of an identifiable fund or piece of property; they are claims that each plaintiff violated his respective duties to the two sets of defendants because the price at which the deal was struck was less than the value of the subsidiaries to DeVlieg, either for purposes of operation or for sale to a different buyer, but was more than their value to DBI. Therefore, though it is indeed possible that plaintiffs could be held liable on both sets of claims, that possibility does not make the claims mutually exclusive or the results inconsistent. The conflict resides not in the claims but in the fiduciary positions the individual plaintiffs chose to occupy as persons who controlled both the property's buyer and its seller. Any apparent conflict between the claims is merely the result of plaintiffs' conflict of interest.

Interpleader is designed to prevent multiple recoveries only where there are not multiple obligations; it is not intended to telescope multiple obligations into one. Since in principle multiple recoveries would be justifiable in light of the multiplicity of duties owed by these plaintiffs, interpleader was properly denied.

## CONCLUSION

We have considered all of plaintiffs' contentions on this appeal and have found them to be without merit. The judgment of the district court dismissing the complaint is affirmed.