# IN THE UNITED STATES COURT OF APPEALS

# FOR THE FIFTH CIRCUIT

---

m 98-60692

---

AIRBORNE FREIGHT CORPORATION,

Plaintiff-Appellee,

VERSUS

UNITED STATES OF AMERICA, ET AL,

Defendants,

R.R. MORRISON & SON, INC.,

Defendant-Appellant.

---

Appeal from the United States District Court
for the Southern District of Mississippi

---

November 23, 1999

Before GARWOOD, SMITH, and
BENAVIDES, Circuit Judges.

JERRY E. SMITH, Circuit Judge:

R.R. Morrison & Son, Inc. ("Morrison"), seeks dismissal of this interpleader suit and dissolution of an injunction, on grounds of jurisdiction and equity. Because we agree with Morrison that the district court lacked jurisdiction to hear an interpleader on these facts, we vacate and remand for purposes of dismissal and of dissolution of the injunction.

## I.

Airborne Freight Corporation ("Airborne") seeks status as stakeholder to interplead Morrison and the Internal Revenue Service ("IRS") to compete for claims to $106,826.36 (the "stake" or "fund") that Airborne owed to GTB Services, Inc. ("GTB"), the insolvent

debtor of Airborne, Morrison, and the IRS. After depositing the disputed stake into the registry of the court, Airborne sought dismissal from the interpleader action and an injunction to prevent Morrison from executing a money judgment awarded by another court against Airborne. The injunction issued.

Airborne and GTB were parties to various contracts in which GTB agreed to provide cartage services to Airborne. In an unrelated transaction, GTB, to secure credit extended to it by Morrison for the purchase of fuel, gave Morrison a security interest in its accounts receivable due from Airborne under the cartage contracts.

GTB defaulted on its payments to Morrison, and as assignee of payments owed to GTB by Airborne under the cartage contracts, Morrison sought to enforce its security interest and gave notice to Airborne. Airborne refused to pay, claiming it had retained a portion of the accounts payable to GTB under a right of setoff in the cartage contracts.

Morrison sued Airborne, ultimately obtaining a $50,000 final, non-appealable general money judgment. Both before and after that judgment, the IRS gave statutory notice to Airborne and Morrison of a tax lien against GTB in excess of the disputed fund. The IRS did not, however, attempt to intervene in the action between Airborne and Morrison.

After the court (the "prior district court") had issued a memorandum opinion, but before it had issued a final order, Airborne filed the instant interpleader action, attempting to join Morrison and the IRS as competing claimants and depositing the disputed fund into the registry of the court. This action arose "in the na-ture of an interpleader" rather than as a true interpleader, because Airborne pleaded its own interest in the stake.

After final judgment in the prior suit, denying Airborne's interest in the stake, Airborne disclaimed that interest, filed a motion to be dismissed from the interpleader action, and requested an injunction against Morrison. The interpleader court concluded that the elements of statutory interpleader had been met and noted that absent an injunction prohibiting Morrison from executing on the prior judgment, Airborne could be subjected to double liability. The court then dismissed Airborne and enjoined Morrison from executing on its earlier judgment. Morrison appeals, asking that we dismiss the interpleader action and dissolve the injunction.[1]

## II.
### A.
The issue is whether the district court had jurisdiction to permit Airborne to maintain an interpleader suit involving Morrison and the IRS. We review a district court's assertion of original jurisdiction *de novo*, applying the same standard as did the district court. *McClelland v. Gronwaldt*, 155 F.3d 507, 511 (5th Cir. 1998) (citations omitted).

### B.
The central prerequisite for a "true" interpleader actionSSone in which the plaintiff is a real stakeholder rather than a claimant[2]SSor for an action in the nature of interpleader, in which the plaintiff-stakeholder

---

[1] The IRS is not participating in this appeal.

[2] *See Texas v. Florida*, 306 U.S. 398, 406-07 (1939) (defining "strict" or "true" interpleader).

also makes a claim to the stake,[3] is that the plaintiff-stakeholder runs the riskSSbut for determination in interpleaderSSof multiple liability when several claimants assert rights to a single stake.[4] The prerequisite arises without regard to whether the plaintiff-stakeholder attempts to invoke "rule" interpleader or "statutory" interpleader.[5] Interpleader should be employed for "the avoidance of the burden of unnecessary litigation or the risk of loss by the establishment of multiple liability when only a single obligation is owing." *Texas v. Florida*, 306 U.S. at 412.

Such is not the situation here. Airborne asserts that Morrison's claim against it must be drawn from the stake it has tendered to the court. Morrison, however, correctly notes that the final order that issued from the prior court was emphatically *not* a judgment collectable against the fund held by Airborne and owed to GTS, but was rather a general judgment against Airborne.[6]

We do not collaterally review and overturn orders of other courts that have become final and unappealable, even if we fear the order may have issued in error.[7] Instead, we value finality.[8] It follows, then, that Morrison's

---

[3] *See id.* (defining actions in the nature of interpleader).

[4] *See White v. FDIC*, 19 F.3d 249, 251 (5th Cir. 1994) (defining interpleader as a "procedural device which entitles a person holding money or property, concededly belonging at least in part to another, to join in a single suit two or more persons asserting mutually exclusive claims to the fund").

[5] *See* FED. R. CIV. P. 22 (allowing "plaintiff [to] join[] defendants . . . when their claims are such that the plaintiff is or may be exposed to double or multiple liability"); 28 U.S.C. § 1335 (granting original jurisdiction to the district courts in "any civil action of interpleader or in the nature of interpleader" "if two or more adverse claimants . . . are claiming or may claim to be entitled to such money or property" as shall have been pleaded into court).

[6] The order of the first court cannot reasonably be read as anything but a general judgment against Airborne. Most importantly, the order reads on its face as a general judgment, satisfiable by any assets held by Airborne. That court refused to enter a final order submitted by Airborne that would have limited Morrison's collection rights to the accounts-payable fund held by Airborne; the court refused Airborne's motion to consolidate the IRS's claim against the fund, because the court thought the claims of Morrison and the IRS "both . . . seek money from Airborne, but the similarity in the actions ends there"; and the court made other, similar manifestations of intent.

It may well be argued that, in rejecting an overt opportunity to issue a judgment against the fund in favor of issuing a judgment against Airborne generally, the prior court erred. Airborne should, in fact, have argued exactly that, on appeal of the prior action. Instead of appealing, however, it allowed the general judgment against it to become final and unappealable and focused its remedial efforts on the interpleader action now before us.

[7] *See In Re Teal*, 16 F.3d 619, 622 (5th Cir. 1994) (*citing Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 401 (1981)) (noting "the well-known rule that a federal court may not abrogate principles of res judicata out of equitable concerns" and that erroneous legal conclusions do not alter the res judicata effect of a final judgment).

[8] *See Bennett v. Commissioner*, 113 F.2d 837, 839 (5th Cir. 1940), explaining that

[r]es judicata is a principle of peace. Under
(continued...)

claim is against Airborne, not the stake, and that Morrison cannot be forced to attempt to satisfy its general judgment against the stake.

Airborne attempts to defeat this argument by relying, along with the district court, on a line of precedent, including *Treinies v. Sunshine Mining Company*, 308 U.S. 66 (1939), and *Mutual Life Ins. Co. v. Bohart*, 743 F.2d 313 (5th Cir. 1984), that they have read to hold that "a stakeholder's right to interplead is not necessarily defeated by the fact that an interpleaded claimant has an outstanding judgment against the stakeholder." In so reading, though, the district court and Airborne have misinterpreted these precedents.

In *Treinies*, for instance, the interpleaded claimants held outstanding judgments against the *stake*SSin that case, shares of stock, all of which had been adjudged the property of one claimant by an Idaho court, and half of which had been adjudged the property of another claimant by a Washington court. *See Treinies*, 308 U.S. at 68-69. Each judgment represented a stake in a fixed *res* that could not satisfy both claimants; neither judgment

---

[8](...continued)
its influence an end is put to controversies. Parties and their privies are made to abide definitive and final judgments and litigations are concluded. Res judicata rests on a rule of public policy designed to put an end to mere contentious litigations. Under that rule an issue once finally settled by the judgment of a court of competent jurisdiction, remains settled. Public policy dictates that there be an end of litigation; that those who have contested an issue shall be found by the result of the contest; and that matters once tried shall be considered forever settled as between the parties.

entitled either claimant to ignore the *res* entirely and satisfy its claims out of the general property of the stakeholder. *See id.*

Similarly, in *Mutual Life*, the relevant claimants held general judgments against a *debtor* and had filed (or perfected) garnishment and attachment suits against a *stake* (an insurance settlement payable to the debtor) held by an insurance agency for the debtor. *See Mutual Life*, 743 F.2d at 316-18. The insurance agency interpleaded the judgment-holding claimants and enjoined their attempts to satisfy adverse claims against the stake so that those adverse interests in the stake could be determined in a single litigation, and without creating overlapping liabilities on the part of the stakeholder. *Id.*[9] No general judgments had issued against the stakeholder.

The cases cited by the district court and by Airborne, then, establish only the proposition that a judgment against a *stake* does not automatically estop the stakeholder from bringing an interpleader action. We find no fault with this holding but are not faced with such a situation.

Rather, the circumstance here is that a party is a general-judgment creditor of a general-judgment debtor, which debtor happens to hold a stake in which a third party claims an interest. Were the general-judgment debtor

---

[9] The issue in *Mutual Life* was whether the insurer had mis-distributed a portion of the stake prior to the advent of the interpleader action. To the extent that it had, it would have been required to "re-fill" the stake; it was not, however, generally liable to the claimants for their general judgments against the debtor, and no general judgments were ever filed against the insurer in favor of the claimants. *See Mutual Life*, 743 F.2d at 316-18.

4

bankrupt or otherwise bereft of funds other than those in the stake, then we would not thwart the claimant's efforts to satisfy his general judgment as best he could from the value of the stake, as a participant in the interpleader action. We cannot, however, force a judgment creditor who holds a general judgment against a judgment debtor to contest with claimants who hold an interest only in a stake held by the judgment debtor, if that judgment creditor elects to satisfy its judgment out of other assets held by the fully solvent judgment debtor.

The judgment creditorSSMorrisonSShad declined to attempt to satisfy its claim out of the stake held by Airborne and pleaded into court. Morrison prefers to satisfy its general judgment out of other assets held by Airborne, which assets are not subject to any contest. Meanwhile, Airborne has acknowledged the actions of the prior court at least insofar as to have disclaimed any interest in the stake Airborne has interpleaded. This leaves only one claimant to the stake: the IRS.

If there is only one claimant to a stake, then by definition there are not overlapping and adverse claims to it. Therefore, the central prerequisite of interpleader has not been met, interpleader cannot lie, and the injunction issued pursuant to the grant of interpleader cannot stand.

Accordingly, the judgment and injunction are VACATED, and this matter is REMANDED with instruction to dismiss the interpleader action.