**FRESH AMERICA CORP., Plaintiff,**

v.

**WAL–MART STORES, INC.,
Defendant/Interpleader
Plaintiff,**

v.

**Allen Lund Company and Fresh
America Corp., Interpleader
Defendants.**

**No. Civ.A. 3:03–CV–1299M.**

United States District Court,
N.D. Texas,
Dallas Division.

March 31, 2005.

---

Robert Yaquinto, Jr., Sherman & Yaquinto, Dallas, TX, Stephen P. McCarron, McCarron & Diess, Washington, DC, for Plaintiff.

Mark D. Cronenwett, Cowles & Thompson, Horace Newton Cunningham, III, Robert H. Bezucha, Roberts Cunningham & Stripling, Dallas, TX, Paul H. Lamboley, Law Office of Paul H. Lamboley, Reno, NV, for Defendants.

### MEMORANDUM OPINION AND ORDER

LYNN, District Judge.

On June 9, 2004, this Court denied the Counter–Motion for Summary Judgment of Defendant and Interpleader Plaintiff Wal–Mart Stores, Inc. ("Wal–Mart"). That Order was amended on June 30, 2004. Pursuant thereto, the Court gave Wal–Mart the opportunity to present evidence and authority to cure what the Court viewed as deficiencies in its Counter–Motion. Wal–Mart filed its Supplemental Brief on June 28, 2004, and Plaintiff and Interpleader Defendant Fresh America Corporation ("Fresh America") and Interpleader Defendant Allen Lund Company ("Lund") each filed responsive briefs. The Court has reviewed the filings and the applicable law, and concludes that this is a proper case for statutory interpleader.

## I. BACKGROUND

This action arises from a business relationship between Fresh America, Lund, and Wal–Mart. Fresh America sold produce to Wal–Mart and engaged motor carriers to deliver the produce to Wal–Mart. On January 20, 2003, Lund, as assignee of the motor carriers, notified Wal–Mart that Fresh America owed Lund $164,720 in unpaid shipping charges and that, as a consignee of the produce, Wal–Mart was liable

for those unpaid charges. While disputing that it was a consignee, in response to Lund's assertions, Wal–Mart withheld $165,000 from what it owed Fresh America. It did not pay Lund's shipping charges.

On June 10, 2003, Fresh America filed suit against Wal–Mart under the Perishable Agricultural Commodities Act ("PACA"), 7 U.S.C. §§ 499a—499t, alleging that Wal–Mart owed Fresh America $165,000 for produce it supplied. Wal–Mart answered on August 4, 2003, and filed an Interpleader Complaint pursuant to 28 U.S.C. § 1335, or in the alternative, Federal Rule of Civil Procedure 22, asserting that it had received competing claims to $165,000 from Fresh America and Lund, and asking the Court to decide which of the competing claims was valid. On August 6, 2003, Wal–Mart deposited $165,000 into the Court's registry, and on December 29, 2003, Wal–Mart filed a Counter–Motion for Summary Judgment, seeking first, a declaration that this is a proper interpleader action and second, dismissal from this suit. Fresh America and Lund opposed the Counter–Motion, including the dismissal.

This Court denied Wal–Mart's Counter–Motion for Summary Judgment, but invited the parties to submit further briefing on two issues: first, if Wal–Mart is liable to Lund for the unpaid shipping charges, whether Wal–Mart is entitled to set off those costs against the amount it would otherwise owe to Fresh America; and second, if Wal–Mart is liable to Fresh America, whether Lund may still be entitled to recover the shipping charges from Wal–Mart, as consignee of the delivered produce.

## II. ANALYSIS

■ This Court "has broad powers in an interpleader action." *Rhoades v. Casey, et al,* 196 F.3d 592, 600 (5th Cir.1999). As the party seeking interpleader, Wal–Mart has the burden of proving that interpleader is proper. *Interfirst Bank Dallas N.A. v. Purolator Courier Corp.,* 608 F.Supp. 351, 353 (N.D.Tex.1985). Statutory interpleader is proper when a (1) stakeholder has a single fund worth at least $500; (2) where two or more adverse claimants with diverse citizenship [1] are competing for that fund; and (3) the stakeholder has deposited the fund in the Court's registry. 28 U.S.C. § 1335(a) (2005).

■ As a preliminary matter, the Court must determine what variety of interpleader is at issue in this case. There are two varieties of interpleader: "true interpleader," in which the stakeholder disclaims all interest in the disposition of the fund; and "actions in the nature of interpleader," in which the stakeholder is one of a group of claimants asserting a right to the fund. *Airborne Freight Corp. v. United States,* 195 F.3d 238, 240 (5th Cir.1999). In a true interpleader action, the stakeholder is dismissed from the suit after the Court determines that interpleader is appropriate, and only the parties asserting an interest in the fund remain. Lund argues that this suit is an "action in the nature of interpleader" and that Wal–Mart should remain a party because through its contractual relationship with Fresh America, Wal–Mart has an interest in the disposition of the fund. However, Wal–Mart has continuously maintained that it has no interest in the fund. *See, e.g.,* Interpleader Compl. ¶ 18. The Court can, and does, accept Wal–Mart's

---

**1.** Diversity of citizenship of the claimants is not contested. Lund is a California corporation, with its principal place of business in California. Fresh America is a Texas corporation, with its principal place of business in Texas.

representation that it is not interested in the fund. *See Ergo Sci., Inc. v. Martin, et al,* 73 F.3d 595 (5th Cir.1996) (a party that disavowed any interest in an interpleaded fund was estopped from later claiming an interest in that fund). *See also, Metropolitan Life Ins. Co. v. Segaritis,* 20 F.Supp. 739, 741 (D.Pa.1937) (interpleader not defeated by "the mere fact that a contractual relationship exists between the plaintiff and one of the defendants, under which the fund is required to be paid to such defendant ..."). Therefore, this is not an action in the nature of interpleader; if an interpleader action at all, it is a true interpleader.

■ Interpleader actions are decided through a two-step process. The first step is for the Court to determine whether a proper case for interpleader is presented. To so find, the Court must determine that there is a single fund with adverse claimants to that fund. *Rhoades,* 196 F.3d at 600. If the Court determines that the requirements for interpleader are met, the next stage of the litigation is to determine the rights of the claimants. *Id.*

■ The Court thus turns its attention to the question of whether there is a single fund. "The courts and authorities have uniformly held that a single, identifiable fund is a prerequisite to an interpleader action." *Wausau Ins. Cos. v. Gifford,* 954 F.2d 1098, 1100 (5th Cir.1992) (citing *State Farm Fire & Casualty Co. v. Tashire,* 386 U.S. 523, 530, 87 S.Ct. 1199, 18 L.Ed.2d 270 (1967)) (legislative purpose of interpleader was "to remedy the problems posed by multiple claimants to a single fund"). Wal–Mart avers that the $165,000 it deposited into the Court's registry is a single fund. Fresh America contends that there is no single fund, because the PACA trust "floats" over all of Wal–Mart's produce-related inventory and proceeds regardless of the source of the proceeds.

Fresh Am. Suppl. Resp. Br. at 3–4. *See also Reaves Brokerage Co. v. Sunbelt Fruit & Vegetable Co.,* 336 F.3d 410, 413 (5th Cir.2003). Wal–Mart argues that Fresh America is wrongly focusing on Wal–Mart's assets, which may be reached under PACA, when the proper focus should be on the underlying claim. Wal–Mart Reply to Fresh Am. Suppl. Br. at 3. Wal–Mart is correct. Its ability to make use of interpleader is not hampered by the fact that Wal–Mart has more assets than would be required to fully satisfy both of the claims at issue. The real question is whether the claims arise from a "single right or obligation." *Bradley v. Kochenash,* 44 F.3d 166, 168 (2d Cir.1995). In this case, the Court finds a single obligation, and it is Wal–Mart's obligation to pay $165,000 for produce supplied by Fresh America.

■ Next, the Court must determine whether Fresh America and Lund are adverse claimants to the fund. "Claimants are adverse when they expose [the] plaintiff to double payment on a single liability." *Hartford Life & Accident Ins. Co. v. Eterna Benefits L.L.C., et al,* No. 3:96–CV–3065–D, 1997 WL 726441 at *2, 1997 U.S. Dist. LEXIS 18670, at *4 (N.D.Tex. Nov. 17, 1997). The Court sought briefing from the parties in order to ascertain whether it was true that if Wal–Mart paid one of the Interpleader Defendants then its liability to the other Interpleader Defendant would be reduced to that degree. Wal–Mart contends it is entitled to a set off from Fresh America for any liability it may have to Lund. In addition, Wal–Mart argues that its only potential liability to Lund is under PACA, not because of any independent relationship.

Wal–Mart admits that it deducted $165,000 from the amount it owed to Fresh America. Fresh America seeks to recover that $165,000 as a PACA trust beneficiary.

Under PACA, the buyer holds its inventory of perishable goods, or proceeds from the sale of such goods, in a statutory "trust for the benefit of all unpaid suppliers[,] or sellers of such commodities[,] or agents involved in the transaction, until full payment of the sums owing in connection with such transactions has been received by such unpaid suppliers, sellers, or agents." 7 U.S.C. § 499e(c)(2) (2005). *See De Bruyn Produce Co. v. Victor Foods, Inc.,* 674 F.Supp. 1405 (E.D.Mo.1987). The trust is a nonsegregated floating trust, the assets of which are assumed to be commingled with other funds. 7 C.F.R. § 46.46 (2005).

Wal–Mart's relationship with Fresh America is governed by a Vendor Agreement, which states that Wal–Mart may set off against amounts payable "all present and future indebtedness of [Fresh America to Wal–Mart] arising from this or any other transaction whether or not related thereto." Wal–Mart Suppl. App. at 286 ¶ 12. If Wal–Mart is required to pay Fresh America's debt to Lund, it follows that under the Vendor Agreement, Wal–Mart may set off that sum from what it owes to Fresh America.

Wal–Mart's obligation under PACA would be satisfied once the trust beneficiaries have received full payment for the sums owed to each of them. 7 U.S.C. § 499e(c)(2) (2005). If Wal–Mart is entitled to a set off for the obligation to Lund, then Wal–Mart is obligated to pay Fresh America only the net amount, if any, after Wal–Mart makes the deductions contemplated by the Vendor Agreement.

■ If Wal–Mart's alleged obligation to Lund were independent of Fresh America's claim against Wal–Mart, then Fresh America and Lund would not be "adverse claimants" under the rules of interpleader. *See Hartford Life & Accident Ins. Co.,* 1997 WL 726441 at *1, 1997 U.S. Dist. LEXIS 18670, at *5 ("Adversity is not met when a stakeholder, such as Hartford, may be liable to both parties because of multiple obligations."). Therefore, in order for this to be a proper case for interpleader, Wal–Mart must have no liability to Lund independent of its possible liability under PACA.

Lund argues that under 49 U.S.C. § 13706, Wal–Mart has independent liability to it for the shipping charges in question. Under that statute, consignees are liable for shipping costs. 49 U.S.C. § 13706(a) (2005). As support for this contention, Lund points to a bill of lading, which purportedly listed Wal–Mart as the consignee of the produce it delivered. Lund Suppl. Resp. Br. at 12. However, the document Lund cites clearly states that Fresh America, not Wal–Mart, is the consignee of the goods. Wal–Mart Suppl. App. at 159. As required by federal law, Lund or its motor carriers created a bill of lading for each of its deliveries. 49 C.F.R § 373.101 (2005) ("Every motor common carrier shall issue a receipt or bill of lading for property tendered for transportation in interstate or foreign commerce containing the following information . . . Names of consignor and consignee. . . ."). The Court's review indicates that none of the bills of lading presented by the parties list Wal–Mart as the consignee for the produce. As documents created by or on its behalf, these documents contain Lund's representation as to who was the consignee of the goods delivered by its motor carriers. Lund's own documents do not support the contention that Wal–Mart is the consignee of the produce Lund delivered.

Wal–Mart further argues that as a matter of law, it is not a consignee liable under Section 13706, which provides that consignees who do not have "beneficial title to the property" are liable for unpaid ship-

ping costs. 49 U.S.C. § 13706(a) (2005). Lund points out that the evidence shows that Wal–Mart "is clearly the beneficial owner of the goods." Lund Suppl. Resp. Br. at 12. As the beneficial owner, Wal–Mart has no liability to Lund under Section 13706.

Fresh America contends that Wal–Mart has no independent liability to Lund, and that interpleader is thus improper because there are not two or more adverse claimants. Fresh Am. Suppl. Resp. Br. at 2. However, to sustain an interpleader, Wal–Mart is required only to prove the existence of "adverse claimants who *could* [attempt] to claim these funds." *Rhoades,* 196 F.3d at 601 (emphasis added). Lund has already claimed this money from Wal–Mart, and has given every indication that it will use the legal system to vindicate its claim. One of the purposes of interpleader is "to enable the plaintiff-stakeholder to avoid the burden of unnecessary litigation." *Hussain v. Boston Old Colony Ins. Co.,* 311 F.3d 623, 631 (5th Cir.2002) (quoting *Texas v. Florida,* 306 U.S. 398, 412, 59 S.Ct. 563 (1939)). Wal–Mart mentions that Lund may have a claim to this money as a PACA trust beneficiary. The evidence shows that Lund was engaged by Fresh America to broker the shipment of produce to Wal–Mart. Wal–Mart argues Lund may be an "agent" involved in the transportation of produce under PACA and as such, it would have a claim to the fund under PACA. Wal–Mart Reply to Fresh Am. Counter–Mot. Opposition Br. at 2. If the Court were to dismiss the interpleader action without determining Lund's claim, then Wal–Mart could face a separate suit from Lund under PACA. The Court will thus allow the interpleader suit to proceed and then determine the sufficiency of Lund's claim in the second stage of the proceeding.

Fresh America requests that Wal–Mart be ordered to show cause as to why its counsel has not violated Federal Rules of Civil Procedure 11(b)(1) and 11(b)(3). Fresh Am. Suppl. Resp. Br. at 6. In light of the Court's decision granting Wal–Mart's request for interpleader, the Court DENIES Fresh America's request.

 Finally, the Court must determine whether Wal–Mart should be awarded reasonable attorney's fees and costs. "The Fifth Circuit expressly holds that modern federal courts retain discretion to award attorney's fees and costs to the stakeholder in an interpleader action, whenever it is fair and equitable to do so." *Noeller v. Metropolitan Life Ins. Co.,* 190 F.R.D. 202, 206 (E.D.Tex.1999). Any fees awarded should be "modest." *Id.* at 207. Further, it is not automatic that the successful stakeholder should be awarded attorney's fees and costs. *General Elec. Capital Assurance v. Norman,* 209 F.Supp.2d 668, 672 (S.D.Tex.2002). In determining whether an award of attorney's fees is appropriate the Court should examine: "(1) Whether the case is simple or involved; (2) Whether the stakeholder performed any unique services for the claimants or the court; (3) Whether the stakeholder acted in good faith and with diligence; (4) Whether the services rendered benefitted the stakeholder; and (5) Whether the claimants improperly protracted the proceedings." *Noeller,* 190 F.R.D. at 207. Within twenty days of the date of this Opinion, Wal–Mart shall confer with Fresh America and Lund to see if they can reach an agreement on fees. If they cannot, Wal–Mart shall submit, within thirty days of the date of this Opinion, evidence and arguments to support is claim for attorney's fees. Lund and Fresh America may respond within twenty days thereafter. No reply will be permitted.

## III. CONCLUSION

For the reasons described above, the Court finds that this is a proper case for statutory interpleader. Thus, Wal–Mart is hereby dismissed from this case, with costs to be paid from the fund, and with attorney's fees to be determined in the future.

**SO ORDERED.**